## NACOGDOCHES COUNTY v. JINKINS.

### No. 3655.

Court of Civil Appeals of Texas. Beaumont.

May 17, 1940.

Rehearing Denied May 29, 1940.

Adams & McAlister, of Nacogdoches, for appellant.

Seale & Thompson, of Nacogdoches, for appellee.

O'QUINN, Justice.

Appellee, Jinkins, District Clerk of Nacogdoches County, Texas, sued Nacogdoches County to recover a balance of salary claimed to be due him as such clerk for the years 1937 and 1938, said county being on January 1, 1936, under the salary law applying to such office, and which has at all times since and now is subject to such law.

He alleged that during the years 1937 and 1938 he was the duly elected and qualified District Clerk of Nacogdoches County, and that for such years he was paid a salary of $2,750 per year; that January 13, 1936, in obedience to the salary law applicable to Nacogdoches County the Commissioners' Court of said county, in regular session fixed the salaries of the various county officers, basing same upon the earned salary of said officers for the year 1935, and fixed his, appellee's, salary at $3,277.03; that thereafter on January 31, 1936, at a called session of said court his salary was changed and fixed at $3,300, that being within the limit allowed by the salary law; that the members of the Commissioners' Court elected at the November, 1936, election, to wit: the County Judge and the four county commissioners, upon taking office, attempted to reduce his salary as theretofore set, and entered an order on the minutes of said court setting his salary at $2,750; that this was $527.03 per year less than was fixed at the January 13, 1936, session, and $550 per year less than fixed by the order of January 31, 1936. With other appropriate and necessary allegations, appellee prayed for judgment for $1,054.06, being the balance of salary for 1937 and 1938, as fixed at the January 13th session or, in the alternative, if the order of January 31, 1936, was proper, then for judgment for $1,100 balance of salary for the years 1937 and 1938.

Appellant, Nacogdoches County, answered by plea to the jurisdiction alleging that the court was without jurisdiction to determine the cause because appellee on March 19, 1937, by suit No. 7911, duly filed and prosecuted to judgment in the District Court of Nacogdoches County, had procured a judgment for the same claim against appellant, Nacogdoches County, said judgment requiring appellant by mandamus to pay appellee the amount for which he sued, and which said mandamus judgment was never reversed nor satisfied, wherefore appellee was not entitled to prosecute the instant suit to judgment, nor to a judgment against appellant for said claim herein asserted. Appellant further answered by plea in abatement to the effect that the Commissioners' Court of Nacogdoches County, on January 11, 1937, and January 10, 1938, duly audited and entered a final judgment finally fixing appellee's salary at $2,750 for each of said years; from which order and judgment appellee did not appeal, but same became final, wherefore the suit should be dismissed. Appellant further answered by general demurrer, several special exceptions, general denial, and specially denied that appellant was indebted to appellee in any sum for in that the Commissioners' Court of Nacogdoches County, at its first regular meeting in January, 1937 and 1938, had before it the question of salary of appellee for said years, and duly set his said salary at the sum found to be just to appellee; that he accepted each month a warrant for one twelfth of said amount of salary, and cashed said warrants and retained and received the benefits thereof, and so was estopped from now setting up or claiming any further or additional salary as due him for said years 1937 and 1938, and that by receiving and cashing said monthly warrants he had waived any further claim he might have had against appellant for additional or back salary for said years. Appellant further answered that during the years 1937 and 1938, there was an acting auditor for the County of Nacogdoches, and that appellee failed to present his asserted claim to said auditor for his approval, and failed to present his said claim to Nacogdoches County or the Commissioners' Court thereof duly approved by

the county auditor. In bar of appellee's right to recover, appellant plead the two year statute of limitations.

By trial amendment, appellee alleged that his said claim had been presented to and approved by the county auditor of Nacogdoches County.

The case was tried to a jury upon special issues, upon their answers to which judgment for appellee was rendered in the sum of $1,054.06. Motion for a new trial was overruled, and the case is before us on appeal.

■ The following facts are without dispute: Appellee Jinkins was the duly elected, qualified and acting District Clerk of Nacogdoches County during the years 1937 and 1938. Nacogdoches County was under the salary act law, Article 3912e, section 13, Vernon's Ann.Civil Statutes, and Article 3891, R.C.S., Vernon's Ann. Civ.St. art. 3891. Under these statutes, the salary of the District Clerk of Nacogdoches County was governed by the minimum of salary earned in 1935, and a maximum of $3,500. The District Clerk of Nacogdoches County in 1935 earned as compensation of his office the sum of $3,241.93. As above stated, the Commissioners' Court of Nacogdoches County, on January 13, 1936, in the first regular session, fixed the salaries of the various county officers, basing same upon the earned salary of said officers for the year 1935, and fixed appellee's salary at $3,277.03; that thereafter on January 31, 1936, at a called session of the court, his salary was changed and fixed at $3,300, that being within the limit allowed by law. The members of the Commissioners' Court elected at the November, 1936, election, upon taking office, attempted to reduce his salary as theretofore set, and entered an order on the minutes of the court setting his salary at $2,750. This was $527.03 less than was fixed January 13, 1936, and $550 less than fixed by the order of January 31, 1936.

We think the order of the Commissioners' Court made at the regular term January 13, 1936, was in accordance with law, and that the amount then fixed as the annual salary of appellee, $3,277.03, under the facts and the law was proper and controlling here. Article 3912e, section 13, fixed the salary of District Clerks in the class in which Nacogdoches County fell, at not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. The legislature having prescribed the minimum (the official earnings in 1935) and that being shown to have been $3,241.93, the Commissioners' Court did not have the authority to ignore this statutory provision of minimum salary and fix the salary at $2,-750. The terms of the statute authorizing the Commissioners' Court to fix the salary at any sum not less than a certain minimum and not more than a certain maximum, were mandatory and could not be ignored by the members of the court at their discretion. The order fixing appellee's salary at $2,750 was without authority and void.

■ We overrule appellant's contention that appellee having accepted the monthly warrants issued to him under the salary of $2,750 fixed by the Commissioners' Court, he was estopped to demand additional salary. The contention is without merit. Greer v. Hunt County, Tex.Com. App., 249 S.W. 831.

■ Appellant's contention that it was entitled to judgment because appellee's claim did not appear to have been audited and approved by the county auditor, is without force. By trial amendment appellee alleged that the claims for balance due him as back salary for the years 1937 and 1938, were duly presented to the auditor for Nacogdoches County, and were examined and approved by said auditor. The jury found in answer to special issues that the claims (for 1937 and 1938) were presented to the auditor, but were not approved by him. The record also shows that the auditor filed the claims, when presented to him, on the claim docket for consideration by the Commissioners' Court, and were presented to the court and refused. Under the facts, it was the duty of the Commissioners' Court to audit and pass upon the claims. Article 2351, Sec. 10, Vernon's Annotated Civil Statutes. Their rejection of the claims authorized appellee to institute this suit to establish his right to judgment. Farmers State Bank v. Bowie County, 127 Tex. 641, 95 S.W.2d 1304; Greer v. Hunt County, Tex.Com. App., 249 S.W. 831; Article 1573, R.C.S.

■ Furthermore, it is not believed that the claim here involved is such as is required by Article 1660, R.C.S., to be presented to the county auditor for his approval before same can be presented to the Commissioners' Court for its approval

and payment. Article 1660 reads: "All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

This article must be considered and construed in connection with the succeeding article, 1661, passed as a part of the same act, Acts 1905, p. 381, which reads: "Art. 1661. *Requisites of approval.*—He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made. All warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor."

A literal application of Article 1660 without reference to Article 1661 would require the filing with the auditor of claims of every nature, but under Article 1661 it is readily seen that the auditor has no authority to audit or approve a claim of the nature here involved. It is evident that the claims which he is authorized to audit and approve under Article 1661 are claims based upon contracts lawfully made, and accounts for supplies and material supplied and contracted for as required by law, to which are attached the proper requisitions. There are no provisions in the law which indicate that the county auditor is vested with any authority to pass upon the merits of claims such as here. Appellee's claim being one which under no circumstance could be approved by the county auditor, Article 1660 has no application to it.

Southern Surety Co. v. McGuire, Tex.Civ. App., 275 S.W. 845, writ refused: Greer v. Hunt County, Tex.Com.App., 249 S.W. 831.

■ It is contended by appellant that the trial court erred in not sustaining its plea of res adjudicata. The record reflects that in 1937 the Commissioners' Court of Nacogdoches County entered an order on its minutes fixing the salary of the county officers for that year and that it fixed appellee's salary at $2,750. Thereafter appellee joined with the county clerk and county attorney, and brought a suit in the district court of Nacogdoches County for mandamus against the Commissioners' Court of Nacogdoches County, and the individual members of said court, alleging, in brief, that in setting their salaries the court acted arbitrarily, and contrary to law for in that it had set said salaries at less than the minimum allowed said plaintiffs by law, being less than the salaries earned by said plaintiffs in said offices for the year 1935, and prayed for a writ of mandamus directing and commanding said Commissioners' Court and the several members thereof to fix said plaintiffs' salaries at the sum earned by them for the year 1935. That case was tried to a jury and on its verdict judgment was entered directing and commanding said court and its members to set the salaries of the plaintiffs at the sum earned by them in 1935, to wit: County Clerk, $3,-254.81; County Attorney, $3,010.08; and District Clerk, $3,157.03. From that judgment the defendants appealed to this court. When the case came up for consideration by this court, it was found that all issues involved had become moot, and the appeal was dismissed. Com'rs Court of Nacogdoches County v. Winder, 113 S.W.2d 277. Mandate accordingly issued to trial court. This judgment was not res adjudicata of the matters here litigated. It was not a suit for salary, but one to compel the Commissioners' Court to set the salaries of county officers involved at a sum within their power to fix, at a sum between the minimum and the maximum allowed by law, which it had not done in its order of January, 1937. Further, the Commissioners' Court did not obey the mandamus granted by the district court, and no judgment was ever had upon which execution could have issued.

■ We overrule appellant's contention that the court erred in overruling its plea in abatement and in not thereon dismissing the suit. It is urged that as the Com-

missioners' Court in January, 1937, and January, 1938, entered an order upon its minutes fixing appellee's salary for said years at $2,750, from which order appellee did not appeal, but accepted the monthly warrants issued to him for each month of said years, same being one-twelfth of $2,-750, that said orders became final judgments and so was conclusive of appellee's right to maintain his suit. There is no force in the contention. The order fixing appellee's salary at $2,750, being admittedly a sum less than the minimum fixed by law, Article 3912e, Sec. 13, Vernon's Ann.Civ. St., the order was void, and being so could be attacked in any court having jurisdiction of the matter involved.

All assignments of error presented have been considered, and none of them showing reversible error, the judgment should be affirmed, and it is so ordered. Affirmed.