

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
*ATTORNEY GENERAL*

November 16, 1951

Hon. Austin F. Anderson
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-1344

Re:  Authority of the County
Auditor to require af-
fidavits from the County
Commissioners concerning
their claims for travel-
ing expenses.

Dear Sir:

You have requested an opinion on the follow-
ing question:

"May the County Auditor require affi-
davits of the County Commissioners before
making payments under the provisions of Sen-
ate Bill 131 (52nd Legislature), if he deems
it necessary?"

Senate Bill 131, Acts 52nd Leg., R.S. 1951,
ch. 456, p. 812, codified as Article 2350n, V. C. S.,
provides in part as follows:

"Sec. 3.  In any county in this State
having a population in excess of one hundred
twenty-four thousand (124,000), according to
the last preceding or any future Federal Cen-
sus, the Commissioners Court is hereby auth-
orized to allow each member of the Commission-
ers Court the sum of not exceeding One Hundred
($100.00) Dollars per month for traveling ex-
penses and depreciation on his automobile while
on official business within the county.   Each
member of such Commissioners Court shall pay
all expenses in the operation of such automo-
bile and keep same in repair free of any other
charge to the county." (Emphasis added)

Pursuant to Senate Bill 131, the Commissioners' Court of Bexar County has passed an order allowing each member of the Commissioners' Court $100.00 per month for traveling expenses and depreciation on his automobile while traveling on official business within the county.

Section la of Article 2350, V.C.S., provides:

"Sec. la.   The Commissioners Court in each county is hereby authorized to pay the _actual_ traveling expenses incurred while traveling outside of the county on official county business never to exceed Three Hundred Dollars ($300) in any one year for each said official." (Emphasis added.)

It has been held that under Section la, county commissioners were entitled only to the actual and necessary traveling expenses while traveling outside the county on official business.   Att'y. Gen. Ops. V-200 (1947) and O-7438 (1946).   The basis for such a construction was the language "the actual traveling expenses incurred while traveling outside of the county."  Senate Bill 131 contains no such language.   On the contrary, it is stated that the commissioners' court is authorized to allow each member of the commissioners' court a sum not to exceed $100.00 per month "for traveling expenses and depreciation on his automobile."   No formula is prescribed in Senate Bill 131 for determining the amount of automobile depreciation each month.   Furthermore, the traveling expense is not limited to traveling expense actually incurred.   It is therefore our opinion that it was not the intention of the Legislature that the members of the commissioners' court would be required to show that traveling expense allowed them had been actually incurred before payment could be made.

Some statutes allowing travel expense to officers on the basis of expenses actually incurred or distance actually traveled expressly require sworn statements from the officer making the claim.   See, for example, Articles 6877-1 and 6869c, V.C.S.   However, there is no provision in Senate Bill 131 requiring the members of the commissioners' court to furnish a sworn statement relative to travel expense incurred by them.

You have referred us to Article 1660, V.C.S., which reads:

"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law." (Emphasis added.)

In Nacogdoches County v. Jinkins, 140 S.W. 2d 901 (Tex. Civ. App. 1940, error ref.), and Nacogdoches County v. Winder, 140 S.W. 2d 972 (Tex. Civ. App. 1940, error ref.), the court said that the above article should be construed in connection with the succeeding article, which related to "claims based upon contracts lawfully made, and accounts for supplies and material supplied and contracted for as required by law." These cases held that a county official's claim for salary did not come within the terms of Article 1660. On the authority of these cases, it is our opinion that Article 1660 does not apply to claims for traveling expenses allowed under Senate Bill 131. We have been unable to find any other statute which would authorize the auditor to require an affidavit in this instance.

In view of the foregoing, you are advised that the county auditor cannot require affidavits of the county commissioners before approving payment of claims for traveling expenses under the provisions of Senate Bill 131.

## SUMMARY

The county auditor is not authorized to require affidavits of the county commissioners before approving payment to them of the allowance

for traveling expenses and depreciation on
their automobiles provided for in Senate
Bill 131, Acts 52nd Leg., R.S. 1951, ch.
456, p. 812.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mds

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant