

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 8, 1977

The Honorable J. B. Hunt
County Auditor
Hutchinson County
Box 850
Stinnett, Texas   79083

Opinion No. H-977

Re:   County purchases which
must be accompanied by
requisitions to receive
audit approval, and related
questions.

Dear Mr. Hunt:

Article 1661 reads:

Section 1.   [The County Auditor] shall
not audit or approve any [claim, bill or
account against the county] unless it has
been contracted as provided by law, nor any
account for the purchase of supplies or
materials for the use of said county or any
of its officers, unless, in addition to other
requirements of law, there is attached thereto
a requisition signed by the officer ordering
same and approved by the county judge.  Said
requisition must be made out and signed and
approved in triplicate by the said officers,
the triplicate to remain with the officer
desiring the purchase, the duplicate to be
filed with the county auditor, and the
original to be delivered to the party from
whom said purchase is to be made before any
purchase shall be made.  All warrants on the
county treasurer, except warrants for jury
service, must be countersigned by the county
auditor.

Section 2.  The county judge of a county
having an auditor may waive by his own written
order the approval of the county judge on

requisitions.  The order shall be recorded
in the minutes of the Commissioners Court.
If the county judge's approval is waived,
all claims must be approved by the Commis-
sioners Court in open court.

You advise that the county and district attorney have
declined to answer your question, and you ask if the requisi-
tion requirement applies to:  (1) claims for labor, services,
intangibles or other claims not involving the purchase of
supplies and material; (2) claims approved by the welfare
officer for the purchase of food, clothing and drugs for
welfare recipients; (3) claims for the purchase of fuel and
other items (purchased exclusively for resale and not for
use) at the county airport; (4) claims for the purchase of
books for the county library; and (5) claims against the
county hospital.

Article 1661 does not embrace claims of every nature.
It does not apply to unliquidated claims for damages against
the county arising in tort.  Southern Surety Co. v. McGuire,
275 S.W. 845 (Tex. Civ. App. -- El Paso 1925, writ ref'd).
Nor does it apply to claims by county officers for the recovery
of their statutorily established salaries.  Nacodoches County
v. Jinkins, 140 S.W.2d 901 (Tex. Civ. App. -- Beaumont 1940,
writ ref'd).  The Jinkins Court said:

> It is evident that the claims which [the
> county auditor] is authorized to audit
> and approve under Article 1661 are claims
> based upon contracts lawfully made, and
> accounts for supplies and material supplied
> and contracted for as required by law, to
> which are attached the proper requisitions.

Id. at 904.

It is important to observe that article 1661 gives the
auditor no control over a purchase before it is made.  Where
it applies, the statute prevents the payment of the purchase
price without the approval of the auditor, and the auditor
must base any rejection on a reasonable perception that the
claim is founded upon an illegal contract.  See Smith v.
McCoy, 533 S.W.2d 457 (Tex. Civ. App. -- Dallas 1976, writ
dism'd); Lovell v. Bynum, 315 S.W.2d 20 (Tex. Civ. App. --

Austin 1958, writ ref'd n.r.e.); <u>Wyatt Metal & Boiler Works
v. Lipscomb</u>, 87 S.W.2d 331 (Tex. Civ. App. -- Texarkana 1935,
writ ref'd); Attorney General Opinions M-955 (1971), M-40
(1967), WW-1346 (1962), O-6784 (1945), O-6506 (1945). It
should also be noted that article 1661 is a general statute
dealing with county purchases and is not applicable where a
special statute controls the procedure for audit and approval
of purchases. See Attorney General Opinions WW-980 (1961),
V-1188 (1951), O-1753 (1939).

The statute does not require that a requisition
accompany every article 1661 claim presented to the county
auditor for audit and approval. The requisition requirement
applies only to "any <u>account</u> for the purchase of <u>supplies or
materials</u> for the use of said county or any of its officers."
Where it is applicable, it is mandatory because the auditor
can audit and approve the claim only if the requisition is
supplied "in addition to other requirements of law." See
<u>Nacodoches County v. Jinkins</u>, <u>supra</u>. See also the letter
opinions dated March 16, 1927 and February 15, 1927, addressed
to County Attorney Wayne Somerville by H. Grady Chandler,
Assistant Attorney General and found in the Attorney General's
Letter Opinion Collection, book 286 at page 54 and book 285
at page 457. Cf. Attorney General Opinions WW-1121 (1961),
O-6506 (1945).

"Account" has various meanings, depending in part on
the context in which it is used. Article 1661 refers to
claims and accounts separately, requiring a requisition for
certain accounts but not for other claims. Not every claim
on a contractual obligation is a claim on an account; some
are based on "special contract". See <u>McCamant v. Batsell</u>,
59 Tex. 363, 368 (1883); <u>McDonald v. Watkins</u>, 353 S.W.2d 905
(Tex. Civ. App. -- Ft. Worth 1962, no writ). We do not think
a requisition is required to pay for supplies and materials
bought on special contract. Furthermore, the terms "supplies"
and "materials" have a restricted meaning when applied to
county purchases. <u>Patten v. Concho County</u>, 196 S.W.2d 833
(Tex. Civ. App. -- Austin 1946, no writ). And see <u>Century
Indemnity Co. of Chicago v. Shunk Mfg. Co.</u>, 68 S.W.2d 772
(Ky. 1934), upon which the <u>Patten</u> Court heavily relied. Also
see Attorney General Opinion WW-406 (1958). Cf. Attorney
General Opinions M-403 (1969), S-104 (1953), O-5357 (1943).
When supplies and materials are required by law to be pur-
chased on competitive bids, they usually become the subject
of transactions resting on special contract, and article 1659,

V.T.C.S., which is applicable to Hutchinson County, specifies that supplies and materials of all kinds for the use of the county or any of its officers, departments or institutions must be purchased on competitive bids.

Where article 1659 applies, there is only one exception: "in cases of emergency, purchases not in excess of $300 may be made on requisition to be approved by the Commissioners Court without advertising for competitive bids." Attorney General Opinion M-403 (1969). Thus, only Hutchinson County emergency purchases of supplies and materials will ordinarily generate a claim on an account which must have a requisition attached, because all other such purchases will usually rest on special contract. Cf. Attorney General Opinion V-285 (1947).

With these principles in mind, we advise there is no legal requirement under article 1661 that claims for labor, services, intangibles or other claims not involving the purchase of supplies and materials be accompanied by a requisition.

Food, clothing and drugs for welfare recipients are "supplies" and unless there is a special statute controlling the audit and approval of such supplies, articles 1659 and 1661 apply. No such statute has come to our attention, and in absence thereof, claims for the purchase price of such supplies purchased on an "account" basis, but not otherwise, must be accompanied by a proper requisition to be eligible for audit and approval by the county auditor under article 1661. See Attorney General Opinion WW-980 (1961).

We think most items purchased by a county for resale, including fuel, generally would be considered "supplies." If they are properly purchased on an account basis for the county airport, claims thereon would be subject to the requisition requirement of article 1661 unless a special statute controls the matter. We are not aware of any such statute.

Library books on occasion have been considered "equipment," Attorney General Opinion H-91 (1973), and in that sense we think they can also be considered something that goes into and forms a part of the finished library, i.e., books are library materials, and if properly purchased on an account basis, and if no other statute controls, claims for their

purchase would be subject to the requisition requirement of article 1661.  Cf. Attorney General Opinions M-403 (1969), S-104 (1953), O-5357 (1943).

Unless a special statute controls the matter, claims against the county hospital are treated like other claims against the county.  In an opinion dated April 5, 1917, Assistant Attorney General C. W. Taylor advised County Attorney T. J. Newton (Opinion No. 1733, Bk. 49, p. 113):

> [W]e agree . . . that it would be the duty of the board of managers and of the county hospital to file all claims, bills and accounts with the commissioners court and that same should be examined and approved by the county auditor . . . .

In our opinion, in the absence of a different controlling statute, claims against the county hospital for materials and supplies based on accounts therefor must be accompanied by proper article 1661 requisitions.

Your final question concerned the necessity of approval by the Commissioners Court for claims already approved by both the county auditor and the county judge.

Specific powers and duties of the Commissioners Court are set out in article 2351, V.T.C.S.  In part, it states, "[e]ach Commissioners Court shall . . . . [a]udit and settle all accounts against the county and direct their payment."  Also, article 1637 reads:

> The commissioners court shall, at each regular term, examine all accounts and reports relating to the finances of the county, and compare the same with the vouchers accompanying them, and cause such corrections to be made as are necessary . . . .

By providing in section 2 of article 1661 that the Commissioners Court must approve all claims in open court if the county judge waives the necessity of his approval on requisitions, the Legislature did not inferentially repeal articles 2351

and 1637 or suggest that no Commissioners Court's action on the claim would be necessary if the county judge's approval was not waived. See Acts 1973, 63rd Leg., ch. 155 at 357.

The duty of the Commissioners Court to audit and settle claims against the county is judicial in nature and cannot be delegated to another. Padgett v. Young County, 204 S.W. 1046 (Tex. Civ. App. -- Ft. Worth 1918), writ dism'd, 229 S.W. 459; Attorney General Opinion O-5049 (1943). We answer, therefore, that an article 1661 claim may not be paid without presenting it to the Commissioners Court even though the claim for payment has been approved by both the county auditor and the county judge.

## S U M M A R Y

The requisition requirement of article 1661, V.T.C.S., applies only to materials and supplies purchased on account. The requirement does not apply to claims for labor, services, intangibles or other claims not involving the purchase of supplies and material. If no other statute controls, it does apply to claims on account for food, clothing, and drugs for welfare recipients, to claims on account for fuel and other items purchased for resale at a county airport, to claims on account for the purchase of books for the county library, and to claims on account against the county hospital for the purchase of supplies and materials. The Commissioners Court must pass on article 1661 claims, even though they have been approved for payment by the county auditor and the county judge.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml