

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 26, 1988

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. JM-911

Re:  Which county official is responsible for preparation of the county payroll and the printing and distribution of its checks  (RQ-1135)

Dear Mr. Driscoll:

You ask which county official is responsible for the preparation of county payroll and the printing and distribution of its checks. Presently, the Harris County Auditor performs these functions. The Harris County Treasurer, however, claims that such functions properly should be performed by her office. In two well-prepared briefs, your office concludes that the county treasurer, rather than the county auditor, is the official responsible for the preparation and distribution of county payroll. We agree that the county auditor may not perform these functions; however, we conclude that the various county officers are by statute given the authority to prepare and distribute the county payroll for the employees of their respective offices. We believe that the county treasurer may properly be delegated the responsibility of preparing the payroll and printing paychecks in Harris County.

It must be emphasized at the outset that no constitutional or statutory provision expressly confers authority on any officer to prepare the county payroll and print and distribute paychecks. A number of statutes, however, assign functions directly related to the county payroll to various officers, including the county auditor and county treasurer. Both officers claim that those payroll functions not assigned by statute should properly be performed by their respective offices.

I.

The office of county auditor was first created by the legislature in 1905. Acts 1905, 29th Leg., ch. 161, at 381. The county auditor is appointed by the district judges having jurisdiction in the county. Local Gov't Code §84.002.[1] In a county with a population of two million or more, the county auditor must be "elected" by a two-thirds vote of the district judges present and voting at a meeting called for that purpose. Id. §84.005(a).[2] The county auditor must be of unquestionable character and intelligence, thoroughly competent in public business details, and a competent accountant with at least two years experience in accounting and auditing. Id. §84.006.[3] The county auditor must file a bond conditioned on the faithful performance of his official duties, must take the official oath, and must provide a written oath that states, inter alia, that he possesses the prescribed qualifications and that he will not be personally interested in a contract with the county. Id. §84.007.[4]

---

1. Sections 1 and 2 of Acts 1987, 70th Leg., ch. 57, at 153 amended former V.T.C.S. articles 1645 and 1646, now Local Government Code sections 84.002, 84.004, 84.007, 152.031, and 151.032. Section 311.031(c) of the Government Code provides in part that the repeal of a statute by a code does not affect an amendment of the statute by the same legislature which enacted the code. The amendment is preserved and given effect as part of the code provision. Articles 1645 and 1646 were repealed with the simultaneous enactment of the Local Government Code in 1987. Acts 1987, 70th Leg., ch. 149, §49(1), at 1307.

2. Former V.T.C.S. article 1645a-10, now section 84.005, was amended by Acts 1987, 70th Leg., ch. 192, at 1466. The amendment is preserved and given effect as part of section 84.002. Gov't Code §311.031(c). See note 1, supra.

3. Former V.T.C.S. article 1648 (now section 84.006) was amended by Acts 1987, 70th Leg., ch. 57, at 153. The amendment is preserved and given effect as part of section 84.006. Gov't Code §311.031(c). See note 1, supra.

4. See note 1, supra.

The auditor is given the  duty to prescribe the  system of accounting for counties with  a population of 190,000  or more.  Id.  §112.002(a).   In  all  counties,  he  is  given authority to  adopt  and enforce  regulations  he  considers necessary for the "speedy  and proper collecting,  checking, and accounting" of county funds.  The regulations cannot  be inconsistent with law or rules adopted by the comptroller of public accounts prescribing the  manner for the keeping  and accounting of  county  funds.   Id.  §§112.001;  112.002(b); 112.003.  The county auditor is given

> general oversight  of the  books and  records of a  county,  district,  or  state  officer authorized or required by  law to receive  or collect  money  or  other  property that  is intended for the  use of the  county or  that belongs to the county.

Id. §112.006(a).  He is  required also to maintain  accounts for such purposes, section  112.005, and shall keep  records of county  financial  transactions,  section  112.007.   The county auditor must also "see  to the strict enforcement  of the law governing  county finances."   Id. §112.006(b).   In counties with a population of more than 225,000, the  county auditor serves as budget officer for the commissioners court with the duty  of preparing the  annual county budget.   Id. §111.032 and 111.033.[5]

The county  auditor is,  as his  title suggests,  given broad powers to audit  county finances.  The county  auditor has continual access to commissioners court orders  relating to  county  finances,  and  the  books,  accounts,  reports, vouchers, and other records  of officers.  Local Gov't  Code §115.001.  He has  a duty to  examine and investigate  these records,  id.,  as  well as  reports about  the collection  of money for the county and the books and reports of the county

---

5.  Sections 111.061 to 111.073 of the Local Government Code apply to  counties with a  population greater than  1.2 million and authorize the appointment of a budget officer by the commissioners court.  Section 4 of Acts 1987, 70th Leg., ch. 57, at 155, amends section 1 of former V.T.C.S.  article 1666b (now  sections  111.061  and 111.062)  to  reduce  the population  bracket  to  counties  in  excess  of 125,000 population.  It appears, then, that a budget officer may  be appointed in  all counties  with a  population greater  than 125,000.  Gov't Code §311.031(c).  See note 1, supra.

tax assessor-collector, county treasurer, and all other officers. Id. §115.002. In counties with a population of 190,000 or more, the county auditor "shall audit, adjust, and settle the accounts of the district attorney, the district clerk, and each county or precinct officer." Id. §115.004.

The county auditor also is given duties regarding the expenditure of county funds. The auditor's approval of each claim, bill, and account against the county is a pre-requisite to its payment. Id. §113.064(a). The auditor's approval may not be given unless the claim was incurred as provided by law. Id. §113.065. The auditor may not audit or approve an account for the purchase of supplies if it is not accompanied by a requisition signed by the officer ordering the supplies and approved by the county judge unless the county judge's approval is waived. Id. §113.901. Furthermore, the county treasurer and the county depository may not pay a check or warrant, other than one for jury service, unless it bears the auditor's countersignature. Id. §113.043.

* * * * *

Article XVI, section 44, of the Texas Constitution creates the office of county treasurer and, in a few counties, authorizes its abolition. In counties in which the office is not abolished, the county treasurer is an elected officer and performs those duties prescribed by the legislature for the office.

The legislature has designated the county treasurer as chief custodian of county funds. Local Gov't Code §113.001. He is required to receive all money belonging to the county, id. §113.003, and to deposit such funds in various, designated accounts. Id. §§113.004; 113.021. He must keep records of all transactions of the treasurer's office, including all receipts and expenditures of money he receives by virtue of the office, id. §113.002, and a register of all claims presented against the county. Id. §113.061. At each regular term of the commissioners court, the treasurer is required to make a detailed report of all transactions and proceedings in his office and exhibit the books and accounts of the office for the commissioners court's audit and approval. Id. §114.026. The treasurer also must submit a monthly claims report to the county clerk. Id. §114.061. The treasurer shall examine the records of various officers to determine if money belonging to the county in the posses-sion of the officers has not been accounted for and paid over according to law. Id. §115.901. The treasurer is also

empowered to direct the prosecution for the recovery of any debt owed the county and to supervise the collection of the debt. Id. §113.902.

The county treasurer may charge prescribed fees for performing certain enumerated services. Id. §§118.141-118.144. In a county in which the county treasurer is compensated on a fee basis, the legislature has provided a schedule for determining the officer's commissions. Id. §153.001.

The county treasurer is also given broad powers concerning the disbursement of county funds. Section 113.041 of the Local Government Code provides the following in pertinent part:

> (a) The county treasurer shall <u>disburse the money belonging to the county and shall pay and apply the money</u> as required by law and as the commissioners court may require or direct, not inconsistent with law.
>
> (b) A person may not spend or withdraw money from the county treasury except by a check or warrant drawn on the county treasury, whether or not the money is in a county depository as required by law.
>
> (c) The county treasurer may not pay money out of the county treasury without a certificate or warrant from an officer who is authorized by law to issue the certificate or warrant.
>
> (d) If the treasurer doubts the legality or propriety of an order, decree, certifi-cate, or warrant presented to the treasurer for payment, the treasurer may not make the payment. The treasurer shall report the matter to the commissioners court for the court's consideration and direction. (Emphasis added.)

Local Gov't Code §113.041. The county treasurer must endorse warrants, checks, vouchers and orders drawn by a proper authority if there are sufficient funds in the account from which it is drawn, but may not issue a check to take up a warrant drawn by a proper authority. Id. §113.042(a), (b).

As we mentioned at the outset of this opinion, a number of statutes assign various functions associated with the county payroll to various officers, though none expressly assigns the duty of preparing the county payroll and printing county paychecks. Several of these statutes assign certain functions to the county auditor, while others designate the county treasurer as the official responsible for performing certain payroll functions.

Chapter 155 of the Local Government Code authorizes and enumerates deductions that may or must be made from the compensation of county employees. In counties with 20,000 or more inhabitants, county employees may request payroll deductions for payments to a credit union, payment of membership dues in a labor union or bona fide employees association, or payment of fees for parking in a county-owned facility. Id. §155.001. The employee's written request must be submitted to the county auditor, and the request remains in effect until the county auditor receives a written notice of revocation signed by the employee. Id. §155.002.

Section 155.021 enumerates certain payroll deductions that are either authorized or required by other statutes. The section provides that the "county treasurer or, if another officer is specified by law, that other officer shall make the deductions from, or take other similar actions with regard to, the compensation of county employees as required" by the enumerated statutes. Of these statutes, only two expressly designate the treasurer as the officer to make the authorized or required payroll deductions. V.T.C.S. art. 695g, §9 (social security contributions); Title 110B, §55.403(e) (retirement system contributions). One statute designates the "disbursing officer of the county." V.T.C.S. art. 6252-3, §1 (purchase of United States savings bonds). Another speaks of the "appropriate officer designated by the county." V.T.C.S. art. 6252-3b, §§3, 3A (deferred compensation plans). Article 6228a-5, V.T.C.S., which authorizes deductions for the purchase of annuities or investment, is silent as to the officer responsible for making payroll deductions. A statute not listed in section 155.021, V.T.C.S. article 6252-3c, which authorizes the establishment of a "cafeteria plan" benefits program for county employees, is also silent on this issue.

Chapter 156 of the Local Government Code authorizes counties to establish and operate an electronic funds transfer system to transfer county officers' and employees' net pay and all forms of compensation, payments, or reimbursement to their accounts in financial institutions.

Id. §156.001. The county auditor, or the chief financial officer in counties without an auditor, is responsible for establishing "the procedures for administering the system." Id. §156.003.

Subchapter D of chapter 152 of the Local Government Code concerns the withholding of compensation of elected county officers who elect not to be paid. Section 152.051 defines "county payroll officer" for the purposes of administering this subchapter as "the county auditor or other appropriate county officer who issues paychecks to county personnel." Id. §152.051. Subchapter D, however, was enacted in response to the efforts of a single elected officer:

> Mr. Bill Finck, the County Treasurer in Bexar County, ran on the platform of abolishing the office. Mr. Finck does not want to accept his paychecks, but the County Auditor has stated that every elected official must accept [his] paycheck. There is presently no law on the books which permits an elected county official to refuse compensation for his services. H.B. 1991 has been introduced to alleviate this situation.

Bill Analysis to H.B. No. 1991, 68th Leg., prepared for House Comm. on County Affairs (1983). The office of county treasurer in Bexar County was eventually abolished. Tex. Const. art. XVI, §44(b). Subchapter D, therefore, should be considered in that light. Gov't Code §311.023(3) (legislative history may be consulted when construing a statute).

Finally, we note that section 151.903 of the Local Government Code establishes procedures regarding the preparation and reporting of payroll information in counties with a population of 500,000 or more. The county auditor is given seemingly broad powers regarding the county payroll, but, as we shall discuss later in this opinion, they are no broader than those already possessed by the auditor.

II.

The confusion surrounding the issue of which county official is responsible for the payroll is reflected in a series of inconsistent opinions issued by this office over a period of 40 years. We will now examine these opinions and reevaluate some of their conclusions regarding the proper roles of different county officers with respect to the county payroll and delivery and preparation of warrants.

Attorney General Opinion O-6624 (1945) concerned the duty of the county auditor with respect to the approval of warrants for the payment of a county employee. The opinion concluded that the auditor's chief duties were to ascertain whether the employee was engaged in performing the duties authorized by his contract of employment with the commissioners court and whether such duties were in the discharge of "county business." If the auditor determined that the employee was not discharging the duties for which he was employed, the auditor's sole remedy was to refuse to countersign the warrants drawn on the county treasurer for the purpose of paying the employee. See also Smith v. McCoy, 533 S.W.2d 457 (Tex. Civ. App. - Dallas 1976, writ dism'd w.o.j.). The opinion did not hold, nor did it imply, that the auditor bore any duty respecting the payment of county employees beyond the approval and countersignature of warrants issued to county employees in payment of their services.

Other opinions employed similar reasoning. In Attorney General Opinion O-5049 (1943), the question was whether the commissioners court could adopt an order authorizing the county auditor, inter alia, to pay county and precinct officials and employees. The question was answered in the negative because the county auditor was not subject to the orders of the commissioners court and because the commissioners court could not delegate its duty to audit and settle accounts against the county and direct their payment. See also Local Gov't Code §115.021 (formerly V.T.C.S. art. 2351(10)).

Attorney General Opinion V-487 (1948) concluded that the county auditor could not collect and pay group insurance premiums for county employees. The opinion emphasized the absence of language granting such power to the auditor in the statute authorizing the group plan. Attorney General Opinion V-711 (1948), considering another group insurance plan authorized by statute, reached the same conclusion:

> [N]either the collection nor the deduction of the contributions from the salaries of the county employees constitutes any function of the County Auditor. . . . The collection and deduction should be performed by the proper county officer who issues the checks on the County Treasurer for the payment of the salaries of the employees included in the group insurance plan. . . . The County Auditor, of course would necessarily have to countersign the checks of the county

> officer under the . . . provisions of Article
> 1656a. . . .

Attorney General Opinion V-711 (1948) at 2. Attorney General Opinion V-1387 (1952) concluded from a reading of the version of V.T.C.S. article 695g then in effect that it was the duty of the county treasurer to assess and collect county employees' social security contributions and to transmit such amounts to the State Department of Public Welfare.[6] The county auditor's duty was to "check, compare, and audit" the county treasurer's computations and to certify the results to proper officials.

Attorney General Opinion WW-1107 (1961) considered whether the county auditor could make payroll deductions for county employees to be paid over to a credit union. After quoting a portion of former article 1656a, V.T.C.S. (now section 113.047 of the Local Government Code), the attorney general advised that the county treasurer had authority to disburse funds in the payment of salaries and expenses. This, despite the fact that the statute provided that the officer who collected the funds disbursed in payment of salaries "may draw checks on the county treasurer to disburse said funds." Attorney General Opinion WW-1107 (1961) at 2. Attorney General Opinion V-711 (1948) was affirmed, but because no statute granted the commissioners court the express power to make payroll deductions for credit union payments, the commissioners court could not delegate such authority to either the county auditor or the county treasurer.

In Attorney General Opinion C-218 (1964) the issue was whether the "Tabulating Department" of Jefferson County fell under the "jurisdiction" of the county auditor. At stake was control of the county's data processing equipment, with which a number of functions were performed, including

> processing payrolls, printing checks, re-
> gisters and various reports; cash claims,
> warrants, registers and reports, budget

---

6. The Employees Retirement System is now the state agency designated to administer the program. V.T.C.S. art. 695g, §§1(d), 2. The county treasurer remains the official officer responsible for assessing, collecting, and transmitting employees' contributions. Id. §9; Local Gov't Code §155.021(1).

> appropriations, expenditures, encumbrances, controls and reports.   (Emphasis added.)

Attorney General Opinion C-218 (1964) at 1.  A substantial part of the department's work related to the county's accounting system and the forms used by county and precinct officers in the collection and disbursement of county funds. After quoting parts of former V.T.C.S. articles 1651, 1654, 1656, 1656a, 1666 and 1666a (now codified throughout Local Government Code chapters 111, 112, 113, 114, and 115), the opinion abruptly concluded that

> the County Auditor has jurisdiction and control of the tabulating department which performs the functions described in your statement of facts.

Attorney General Opinion C-218 (1964) at 4.  The opinion provided no analysis of the various functions of the department, but simply declared that all fell into the general area of accounting and were under the control of the county auditor.

Attorney General Opinion M-299 (1968) also arose as a result of the consolidation of various governmental functions into a single computer system which was under the county auditor's control.  The relevant question was whether the commissioners court could adopt an order directing the county auditor to issue checks or warrants for the payment of salaries and expenses for all district, county, and precinct offices.  Relying on that part of article 1656a now codified as Local Government Code section 113.047, which authorized officers to draw checks on the county treasurer to pay salaries and expenses, and subsections 19(i) and 19(l) of former article 3912e (now sections 154.042 and 154.043 of the Local Government Code), which created officers' salary funds and authorized officers to issue warrants against the fund to pay salaries, the attorney general concluded that district, county, and precinct officers were authorized to "issue" or "draw" county "warrants" for the payment of deputies' and employees' salaries.  Attorney General Opinion M-299 (1968) at 7-8. But the opinion also concluded that the commissioners court could direct the auditor to "prepare" county and district payroll warrants.  Id. at 8.  The attorney general did not explain the difference between "issuing" or "drawing" warrants for salaries and "preparing" payroll warrants, though he obviously perceived a difference.  Instead, he simply concluded that county officers would not be deprived of their authority to issue warrants for salaries.  Attorney

General Opinion C-218 (1964) was cited as authority for allowing the auditor to process county payrolls and print county warrants and checks.

In Attorney General Opinion M-657 (1970), the question was which county official was responsible for delivering county warrants and county jury checks to the payee. Former article 2554, V.T.C.S., now section 113.042 of the Local Government Code, described the county treasurer's duty to endorse checks and warrants presented to him. Former article 1632, V.T.C.S., required the treasurer to obtain an acknowledgment of the receipt of amounts paid from the party receiving payment from the county. See Local Gov't Code §113.062. Former article 1709, V.T.C.S., provided in part that the county treasurer shall "receive all moneys belonging to the county" and "pay and apply the same." See Local Gov't Code §§113.003, 113.041(a). In view of these statutes, the attorney general concluded that the county treasurer was the proper official to make delivery of county warrants to the payee. See also Attorney General Opinion O-4462 (1942) (county treasurer shall endorse and deliver warrants drawn by proper authority to the payee).

In Attorney General Opinion M-965 (1971), the issue was whether the county clerk could "continue the writing of payroll checks" and "continue to write checks in payment of any and all bills" approved by the commissioners court. The attorney general determined that amendments to former article 1709, V.T.C.S., relating to the duties of the county treasurer did not diminish the duties of the county clerk. Thus, under the provisions of articles 1656a, 3912e, and 3912e-4, the clerk could continue to issue warrants for salary and expenses "incurred in the conduct of his office (emphasis added)." Attorney General Opinion M-965 (1971) at 4. He concluded that the amendments merely enlarged article 1709 to include language from statutes governing the duties of other officers and that there was no legislative intent to repeal those other statutes.

Attorney General Opinion H-977 (1977) held that the requisition requirement of former article 1661, V.T.C.S. (now section 113.901 of the Local Government Code), did not apply to claims for, inter alia, labor and services. The opinion quoted Nacogdoches County v. Jinkins, 140 S.W.2d 901 (Tex. Civ. App. - Beaumont 1940, writ ref'd), which held that articles 1660 and 1661 did not apply to claims by county officers for the recovery of their statutorily established salaries.

Attorney General Opinion H-1242 (1978) considered whether the commissioners court of Harris County could assign the preparation of warrants of a flood control district to either the county clerk or a data processing center created to serve the commissioners court and other county officers. The opinion consisted of two terse paragraphs which said that the commissioners court could not assign the preparation of county warrants to any officer or department, since control of the preparation and processing of warrants was vested in the county auditor, and cited former V.T.C.S. articles 1656a and (oddly) 1650. Without explanation, and apparently without regard to the opinions that preceded it, the attorney general approved greater exertion of control by the county auditor over the county payroll; control that, because of advances in technology, the legislature could not have anticipated when it created the office of county auditor.

Attorney General Opinion JM-192 (1984) appears to retreat from some of the broader implications of the opinions just discussed. In that opinion, we held that commissioners court approval of salaries paid to county employees is required before salary warrants may be issued. Prior approval of the county auditor is not necessary, although the auditor's countersignature is required. We advised that the auditor's broad authority to "see to the strict enforcement of the law governing county finances," and the power to disapprove certain claims not contracted for according to law, did not empower the auditor to require his prior approval of salary payments. Attorney General Opinion JM-192 (1984) at 4. We emphasized the auditor's ministerial duty to countersign warrants for salaries where the claimants had a right to such payments as a matter of law, but we noted his authority to refuse to countersign such warrants where the claimants did not as a matter of law have a right to the payments. Compare Jackson v. Leonard, 578 S.W.2d 879 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ ref'd n.r.e.) and Nacogdoches County v. Jinkins, 140 S.W.2d 901 (Tex. Civ. App. - Beaumont 1940, writ ref'd) with Smith v. McCoy, 533 S.W.2d 457 (Tex. Civ. App. - Dallas 1976, writ dism'd w.o.j.) and Attorney General Opinion O-6624 (1945). We also provided a brief description of the procedures followed when paying county employees:

> A commissioners court is required to 'audit and settle all accounts against the county and direct their payment.' V.T.C.S. art. 2351(10). All payments must comply with the county's budget with regard to those salaries which have been approved for county officials and

employees.  V.T.C.S. art. 689a-11; art. 1666a.
The funds are actually disbursed by the county
treasurer under the direction of the com-
missioners court.  Article 1709a,  V.T.C.S.,
generally requires that all county money be
deposited with the county treasurer or in the
county depository and that

> [n]o moneys shall be expended or with-
> drawn from the county treasury except
> by checks or warrants drawn on the
> county treasury. . . .

V.T.C.S. art. 1709a, §4.   It is the duty of
the county treasurer, upon the presentation
of a warrant drawn by the proper authority,
to endorse said warrant for the benefit of
the named payee if there are sufficient funds
available.  Id. §4(d).   Thus, the proper
authority in the payment of salaries is the
commissioners court, whose order directing
payment, i.e. the warrant, is attested by the
county clerk.  Id. §4(e).

Later in the opinion, we noted that "monthly payroll reports
prepared by the respective county officials are turned in to
the commissioners court for its approval and its order
issuing salary warrants," Attorney General Opinion JM-192
(1984) at 4, citing former V.T.C.S. article 1637 (now
section 115.022 of the Local Government Code).  We observed
that Attorney General Opinion O-5049 (1943) had held that
this responsibility could not be delegated to the county
auditor.

The most recent opinion bearing on the responsibilities
of county officers with respect to payroll matters is
Attorney General Opinion JM-585 (1986).  There we were asked
whether the county auditor or the county treasurer was the
county payroll disbursing officer for purposes of section
55.403 of Title 110B, V.T.C.S., in counties with a popula-
tion of 10,000 or more. We concluded that, based upon the
plain language of section 55.403(e), the county treasurer
was the payroll disbursing officer in those counties in
which the office has not been abolished. The language of
former articles 1709 and 1709a also made it clear that the
county treasurer, the officer given the responsibility to
disburse county funds, was the proper officer to deduct
member contributions to a retirement system established by
Title 110B.  The result of Attorney General Opinion JM-585

is now codified in section  155.021(5) of the Local  Government Code.

### III.

Three sections  of the  Local  Government Code  have  a direct bearing on the duty of county officers to prepare and distribute the payroll for  Harris County.  Section  151.903 affects counties with a population  of 500,000 or more.   It requires district  and  county officers  to  file  personnel records for each  deputy, assistant, or  person employed  or appointed by the officer if  the person is paid with  county funds or funds of a flood control district located  entirely in the county.  The statute also provides for the filing  of payroll:

> (c)  Each  county  officer  or department head under  whom  the  persons  described  by Subsection (a)  are  employed  shall  file  a signed and  sworn  payroll at  the  close  of the month, or  more  often if  authorized  or required by  law.  The  payroll  must  state the name  of  each  employee  and  show  the employee's dates and hours  of work, rate  of compensation, and amount due for the  current pay period.   In the  case of  engineers  and employees in the field engaged in road, flood control,  or  construction  work,  a  signed report must accompany the payroll stating the nature,  dates,  and  location  of  the  work performed and containing  any other  information that may  be needed  for statistical  or accounting purposes.

Local  Gov't  Code  §151.903(c).   The  statute  does   not designate an office  or officer  to receive  or process  the payroll, but  it provides  that  the county  auditor  "shall prescribe the  forms  and  systems, including  a  system  of personnel and equipment records, necessary to carry out this section."  Id. §151.903(d).  The  auditor also  "may  enforce any rules adopted under this section."  Id.  The auditor may withhold payment  of salaries  in the  event that  a  person fails to  file records  or information  required under  this section.  Id.

Section 151.903 would appear to vest the county auditor with broad authority over  county payroll procedures.  However, we believe that this section must be read in  conjunction with  sections  113.047  and  154.043  of  the  Local Government Code.

Section 113.047 authorizes the disbursement of salaries in counties of 190,000 or more and provides the following:

> After the deposit of funds in a county depository, an officer in a county with a population of 190,000 or more <u>may draw checks</u> on the county treasurer to disburse the funds as payment for a salary or expenses authorized by law or in payment to the county or to the person to whom the funds belong.   (Emphasis added.)

Section 154.043 establishes procedures for the payment of employee salaries and provides the following in pertinent part:

> (a) A district, county, or precinct officer <u>may issue a warrant</u> against the salary fund to pay the salary of an employee whose salary may be paid from the fund. (Emphasis added.)

Statutes that relate to the same general subject matter are said to be <u>in pari materia</u> and are to be construed together in arriving at the intention of the legislature. <u>Calvert v. Fort Worth National Bank</u>, 356 S.W.2d 918 (Tex. 1962). In the event of any conflict, the more specific statute prevails over the more general provision. <u>Alejos v. State</u>, 555 S.W.2d 444 (Tex. Crim. App. 1972). <u>See also</u> Gov't Code §311.026. We perceive no conflict between section 151.903 and sections 113.047 and 154.043.

In our opinion, section 151.903 does no more than acknowledge the authority of the county auditor to "pre-scribe the system of accounting for the county" and to adopt and enforce regulations for the "speedy and proper collecting, checking, and accounting" of county funds. Local Gov't Code §112.002 (counties with a population of 190,000 and more). Section 112.002 is derived from former V.T.C.S. article 1656a, as is section 113.047. Furthermore, section 151.903 does not expressly purport to place in the auditor's hands the duty of preparing payroll or distri-buting paychecks, nor do we believe that it can reasonably be construed to do so. The auditor's authority to withhold payment of salaries for failure to file the required records or information merely reflects the auditor's power to refuse to countersign salary warrants where no right to receive the salary has been established as a matter of law. Attorney General Opinion JM-192 (1984). Because sections 113.047 and 154.043 specifically provide that an officer may "draw

checks" and "issue" warrants for the payment of salaries, they must be given effect.

Additionally, section 154.044(a) of the Local Government Code states that each district, county, and precinct officer shall file a report with the county auditor that shows, _inter alia_, "the amount paid during the preceding month to each employee of the officer and the name and position of the employee." We believe that this provision contemplates a situation in which an officer other than the county auditor is responsible for preparing the county payroll. If the auditor were authorized to perform this function, it would serve no purpose to require officers to submit the information required by section 154.044, since the auditor presumably would already possess such information. Accordingly, we believe that the Local Government Code provisions applicable to Harris County do not grant the county auditor the authority either to prepare the county payroll or to print and distribute paychecks.

## IV.

Article XVI, section 44, of the Texas Constitution assigns no duties to the office of county treasurer. The legislature is given the primary duty to prescribe the duties, which it has done in intricate detail. However, this opinion would be incomplete if we did not discuss the greater constitutional implications of this issue. Constitutional themes underlie the question at hand and suggest that the county treasurer should exercise those functions, such as the preparation of the county payroll, which logically are a part of the functions of that constitutional office. An answer to your question thus is incomplete without reflection on the themes suggested by the Constitution.

Under our republican form of government, the _power_ to govern is vested in the people; the _duty_ to govern is vested in _offices_ created under the Constitution and discharged by _officers_ responsible to the people. A constitutional office is no empty honor or mere preferment. Rather, it is an essential element of republican government. _See, e.g._, Wiecek, "Republican Form of Government," 3 _Encyclopedia of the American Constitution_ 1558 (1986). Each constitutional office is essential to the whole scheme of freedom and sovereignty established by the Constitution because it has at its core certain irreducible functions which make up the threads of the office. In turn, each constitutional office is a part of the whole fabric of republican government.

The _core functions_ of a constitutional office may not be taken away, or shared with another office, save by a constitutional amendment. The officer holding the constitutional office thus must be permitted to perform any tasks properly emanating from the core functions of the office -- functions that are historically or logically within the penumbra of power attached to the office as an element of republican government. _See Ex parte Hughes_, 129 S.W.2d 270 (Tex. 1939). Our discussion of the role of the county treasurer, above, indicates that the core functions of the office should include the preparation of the county payroll.

To reiterate, the treasurer is the chief custodian of county funds, Local Gov't Code §113.001, and has broad powers concerning the disbursement of those funds, _id._ at §113.041, including the _sole_ power to "disburse money belonging to the county" and to pay the county's money _as directed by the commissioner's court_, _id._ The preparation of the county payroll logically falls within the penumbra of the ministerial duties created by these functions at the core of the constitutional office of county treasurer. In the main, the best reasoned prior opinions of this office cited above fully support this conclusion.

Under our system of county government, there exists a delicate system of checks and balances to protect the funds of the county. The county auditor occupies a significant role in this system. _Smith v. McCoy_, 533 S.W.2d 457 (Tex. Civ. App. - Dallas 1976, writ dism'd w.o.j.). As our discussion of the duties of the office demonstrated, the county auditor is given broad powers to oversee county finances and prescribe systems for the accountability of county funds. The effectiveness of this checks and balances system depends, in large part, upon the independence of the auditor from the influence and control of the county commissioners court. _Weaver v. Commissioners' Court of Nacogdoches County_, 146 S.W.2d 170 (Tex. 1941). The independence of the county auditor is assured by placing the power of appointment and dismissal in the hands of the district judges rather than the commissioners court. _Id._; Local Gov't Code §84.002. That independence is compromised when the auditor disburses county funds in the form of pay checks.

In the absence of express legislative authorization for the auditor to prepare the county payroll and have the checks printed and distributed, we are hesitant to conclude that he may perform these responsibilities. The auditor's primary responsibility is to review the books of others and to see to the enforcement of the laws governing county

finances.  Local Gov't Code §112.006.  Unless the legislature expressly permits the auditor to perform administrative work that is subject to audit, we would assume he would not be in a position to audit his own work.  See generally 22 T.A.C. §§501.11, 501.15.

Thus, the county auditor, as we have detailed above, may have critical duties to perform with regard to the disbursement of county funds, even in the area of payrolls. At the very least, the auditor has an over-arching assignment to see that county funds are expended according to law and under a system that allows for accountability.  These are critical elements in the scheme of checks and balances imposed in general by the constitution, and in particular by the numerous statutes we have cited.  Most assuredly, the auditor may not preempt a power which should be among the core functions of an officer of full constitutional dignity.

V.

Based on the foregoing discussion, we believe that the duty of preparing payroll and drawing paychecks falls on the various county officers.  See Attorney General Opinion Nos. M-965 (1971); V-711 (1948).  The act of "drawing" a check does not, however, require the officer to actually perform the clerical tasks of printing and writing in the figures on the face of the check.  Rather, the officer may "cause it to be written," i.e., may delegate this task.  We believe that both logic and constitutional law dictate that the only other official to whom this function properly may be delegated is the county treasurer, since the treasurer is authorized to "pay and apply" county money as required by law or the commissioners court.  Local Gov't Code §113.041(a).  See also Attorney General Opinion JM-585 (1986) (defining "disburse" as "pay or expend").

The commissioners court, pursuant to its authority to "audit and settle accounts against the county" and direct their payment, must give its prior approval before warrants in payment of salary may be issued.  Id. §115.021; Attorney General Opinion JM-192 (1984).  The county auditor may prescribe the forms and systems necessary to process the county payroll.  Local Gov't Code §151.903(d). The auditor's countersignature is still required on salary warrants.  Id. §113.043.  Attorney General Opinion JM-192 (1984).

It is suggested that county officers in Harris County are no longer authorized to issue warrants for salaries.  We are informed that the commissioners court has eliminated officers' salary funds pursuant to former V.T.C.S. article

3912e, section 19(i) (now Local Government Code section 154.007). Under this provision, the commissioners court may order that money that would otherwise be deposited in the salary fund be deposited in the general fund of the county. It is argued that this action, coupled with the commissioners court power to fix salaries of county employees, Local Government Code section 152.011, deprives county officers of the authority to issue salary warrants. This is not the case, however. The use of the general fund to pay salaries in no way diminishes an officer's authority to issue salary warrants. Indeed, section 154.007(b) states that in a county where the general fund is made the source of payment of salaries, a reference in chapter 154 to a salary fund means the general fund. Consequently, officers in Harris County are authorized to issue warrants on the general fund in payment of employees' salaries.

In view of our answer to your question, we conclude that Attorney General Opinion Nos. M-299 (1968) and C-218 (1964) are in error to the extent that they conclude that the county auditor may prepare the county payroll and print paychecks, and they are hereby overruled. To the extent that Attorney General Opinion H-1242 (1978) suggests that the county auditor of Harris County may prepare warrants for the payment of salaries of county officers and employees, it is modified to conform with this opinion. The holding of Attorney General Opinion JM-192 (1984), that prior approval of the commissioners court, but not of the county auditor, is required before salary warrants may be issued, involved a county with a population less than 190,000. See Local Gov't Code §§154.021-154.026 (salary provisions applicable to such counties). To the extent that it suggests that the commissioners court, rather than county officers, is responsible for issuing salary warrants in counties with a population greater than 190,000, it should not be followed.

Attorney General Opinion Nos. M-657 (1970) and O-4462 (1942), which concluded that the county treasurer was the proper official to make delivery of county warrants to the payee, are not in conflict with this opinion because they concern the treasurer's general authority to pay and apply county funds, rather than the specific duty to draw and issue checks or warrants in payment of salaries. Compare Attorney General Opinion M-965 (1971). Attorney General Opinion WW-1107 (1961), which held that the county treasurer has authority to disburse funds in payment of salaries, is not in conflict with this opinion, since the authority to disburse funds does not include the authority to issue checks or warrants for salaries. Attorney General Opinion JM-585 (1986), which dealt with specific statutory language

concerning payroll deductions, is necessarily limited to its facts, and is therefore not in conflict with this opinion.

To summarize, we conclude that the duty of preparing county payroll and drawing and issuing paychecks belongs to county officers in Harris County. Local Gov't Code §§113.047; 151.903; 154.043; see Attorney General Opinion Nos. M-965 (1971); V-711 (1948). The county treasurer may properly be delegated such duties. The county auditor has no authority to perform these specific functions.

### S U M M A R Y

The duty of preparing county payroll and drawing and issuing paychecks belongs to the various county officers in Harris County. Local Gov't Code §§113.047; 151.903; 154.043. The county treasurer may properly be delegated such duties. The county auditor has no authority to perform these specific functions.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon and
Don Buston
Assistant Attorneys General