George K. SMITH, County Auditor, County of Dallas, Appellant,

v.

Curtis C. McCOY et al., Appellees.

No. 18831.

Court of Civil Appeals of Texas, Dallas.

Feb. 5, 1976.

Henry Wade, Dist. Atty., Wm. F. Denman, Jr., Asst. Dist. Atty., Dallas, for appellant.

Frank P. Hernandez, Dallas, for appellees.

AKIN, Justice.

This is an appeal from a judgment directing the issuance of a writ of mandamus ordering George K. Smith, Dallas County auditor, to approve payment to three sheriff's deputies, as directed by the commissioners court of Dallas County, for time suspended from duty.

Appellees, Curtis C. McCoy, C. G. St. Clair and Harvey E. Dillion were employed as deputy sheriffs under the supervision of Clarence Jones, sheriff of Dallas County. On July 31, 1974, the sheriff temporarily suspended appellees. On March 13, 1975, the sheriff requested that appellees be paid back wages for the time suspended and reinstated appellees on March 16, 1975. The auditor refused to approve payment because he considered the payment illegal; nevertheless, the commissioners court on May 27, 1975, ordered payment. Again, the auditor refused to approve the payment. Appellees then applied to district court for a writ of mandamus to compel the auditor's approval. After a hearing, the trial court

ordered a writ of mandamus to be issued. The auditor appeals.

The auditor contends that mandamus will not lie because: (1) approval or disapproval of the claim by the auditor was a discretionary act rather than a ministerial act; and (2) appellees failed to sustain their burden of proof to show that the auditor abused his discretion because they failed to prove that they had a clear legal right and that the auditor had a clear legal duty to perform. We agree with appellant's contentions and, therefore, reverse the order of the trial court and render judgment denying the writ.

### 1. *Discretionary or Ministerial Act*

Appellees argue that the order of the commissioners court established the validity of their claims and, therefore, the approval of the auditor is merely ministerial. This is true, appellees contend, because Tex.Rev. Civ.Stat.Ann. art. 2351(10) (Vernon 1971) provides that a commissioners court shall "[a]udit and settle all accounts against the county and direct their payment." *See also* Tex.Const. art. 5, § 8.

■ We cannot agree. There are decisions to the effect that an order of the commissioners court, while acting in a proceeding *in which the court has jurisdiction,* is a judgment of a court of record. *Ashburn Bros. v. Edwards County,* 58 S.W.2d 71, 73 (Tex.Comm'n App.1933, jdgmt. adopted). However, the approval of the auditor is a condition precedent to the exercise of the commissioners court's authority to order payment of claims. *Anderson v. Ashe,* 99 Tex. 447, 90 S.W. 872, 873 (1906); *Lovell v. Bynum,* 315 S.W.2d 20, 22 (Tex. Civ.App.—Austin 1958, writ ref'd n. r. e.). Since the auditor had not approved appellees' claim, the May 27 commissioners court's order directing payment was void. *Wyatt Metal & Boiler Works v. Lipscomb,* 87 S.W.2d 331, 332 (Tex.Civ.App.—Texarkana 1935, writ ref'd).

■ This is true because article 1660 dictates that "[n]o claim, bill or account shall be allowed or paid until it has been examined and *approved* by the county auditor." [Emphasis added.] Article 1661 states that the county auditor "shall not *audit or approve any claim* unless it has been contracted as provided by law . . . ." [Emphasis added.] Moreover, Tex.Rev.Civ.Stat.Ann. art. 1651 (Vernon 1962) mandates that the county auditor "shall see to the *strict enforcement of the law governing county finances.*" [Emphasis added.] The language of these statutes is mandatory. They impose on the auditor the responsibility, before approving a claim, to determine whether it strictly complies with the law governing county finances. A determination of whether the deputies are entitled to pay for the time suspended presents a difficult legal question for the auditor. Consequently, the auditor was acting within his official discretion to deny the claims and to require that their validity be established in a court of law.

■ Under the constitution and legislative enactments, a delicate system of checks and balances exists to protect the funds of the county. The commissioners court is authorized to expend county funds but may not do so without approval of the auditor whose approval may not be arbitrarily withheld; likewise, the auditor may not order the expenditure of county funds without approval of the commissioners court. To hold, as appellees would have us do, that the duty of the auditor under the statutes is ministerial rather than discretionary would remove one of the safeguards in this system of checks and balances and would permit a commissioners court to disburse county funds without restraint. This, of course, would be contrary to the clear public policy enunciated by the legislature in articles 1651, 1660, and 1661. We conclude, therefore, that these statutory requirements make the approval of a claim against the county (or a payment thereof), a discretionary act of the auditor rather than a mere ministerial act.

## 2. Burden of Proving Abuse of Discretion

Although the trial court found that the auditor abused his discretion, there is no evidence to support the finding. In *King v. Guerra,* 1 S.W.2d 373 (Tex.Civ.App.—San Antonio 1927, writ dism'd), the court held that in a mandamus proceeding the burden is upon the party seeking the relief to negate by affirmative allegation and *proof,* every fact or condition which would have authorized the public official to refuse to take the action sought to be enforced upon him. *Id.* at 378. And without such proof there is no basis for a finding of an abuse of discretion. *See Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939).

Appellees alleged that in refusing to approve payment of their claim, the auditor stated that he was relying on a certain opinion of the attorney general which, according to appellees, was inapplicable. No evidence of this opinion was presented to the court. The auditor testified that he was relying on such an opinion, but he did not identify it. In this state of the record, no abuse of the auditor's discretion is shown. Tex.Rev.Civ.Stat.Ann. art. 4399 (Vernon 1966) expressly authorizes the attorney general to give advice to county auditors. If the opinion in question supported the auditor's refusal to approve payment of compensation to the suspended deputies, then the auditor would have been justified in refusing to authorize payment and in requiring appellees to establish their claim in a suit against the county. We do not pass on the merits of appellees' claim because that requires a determination beyond the scope of this proceeding. We do hold that in failing to offer proof of the opinion, appellees have failed to establish their allegation that such opinion is inapplicable, and, since they had the burden of proof, they have not shown themselves to be entitled to the writ.

The auditor, of course, may neither arbitrarily nor in contravention of law withhold approval of payment. *See Guerra v. Weatherly,* 291 S.W.2d 493 (Tex.Civ.App. —Waco 1956, no writ); *Ham v. Garvey,* 155 S.W.2d 976 (Tex.Civ.App.—San. Antonio 1941, no writ); *Hood v. Cain,* 32 S.W.2d 485 (Tex.Civ.App.—Amarillo 1930, writ ref'd). These cases stand for the proposition that when plaintiff proves that he is entitled to payment as a matter of law, and, when there is no legal justification for the auditor withholding approval of the claim or payment thereof, mandamus will lie. This is true because the refusal of the auditor in these instances would be an abuse of his discretion. In each of these cases, however, the court had before it a *valid claim as a matter of law.* To apply these cases to the present situation would assume the existence of a valid claim. Evidence that appellees were suspended from their jobs and subsequently reinstated does not establish as a matter of law that they were entitled to compensation for the period of their suspension. Mandamus lies to compel execution rather than to adjudicate claims. For example, the court in *Hood v. Cain, supra,* rested its decision on the fact that there is "no issue on the amount of the claim and no question of the validity of the claim. . . . " Similarly, the court in *Ham v. Garvey, supra,* stated: "However, if the action of the Commissioners' Court called into question be one *unauthorized by law, and consequently outside or beyond the jurisdiction of said Court, the auditor properly refused to countersign the warrant ordered issued by the Court.*" [Emphasis added.] We conclude, therefore, that appellees failed to prove abuse of discretion by the auditor. *See Superior Incinerator Co. v. Tompkins,* 37 S.W.2d 391, 395 (Tex.Civ.App. —Dallas 1931), *affirmed,* 59 S.W.2d 102 (Tex.Comm'n App.1933, jdgmt. adopted).

Although Tex.Rev.Civ.Stat.Ann. art. 1573 (Vernon 1962) states that "[n]o county shall be sued unless the claim upon which suit is founded shall have first been presented to the commissioners court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof," the presentment

to and rejection by the auditor is sufficient predicate for a suit against the county. *Lovell v. Bynum, supra* at 22; *Wyatt Metal & Boiler Works v. Lipscomb, supra* at 333; *Anderson v. Ashe, supra* at 874. Consequently, the remedy here is a suit against the county to establish the validity of appellees' claim, rather than an order of mandamus.

Accordingly, the order of the trial court granting the writ is reversed and judgment is rendered denying the writ.