

# The Attorney General of Texas

December 28, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Steve Elder
Waller County Attorney
P. O. Box 884
Hempstead, Texas 77445

Opinion No. MW-121

Re: Whether a county hospital authority may authorize an employee to utilize a hospital credit card to purchase gasoline for his personal automobile which is used for official business.

Dear Mr. Elder:

You have requested our opinion concerning the use of the Waller County Hospital's gasoline credit cards by the superintendent of the hospital. The Board of Managers have authorized the superintendent's use of the credit cards for his business trips rather than reimbursing him on a mileage basis. The superintendent is not required to report to the auditor the nature and extent of the use of the credit cards.

You ask three questions:

> Whether the purchase of an unlimited, unaudited amount of gasoline station products on the county credit cards for use in the County Hospital Superintendent's personal car, which purchase was not budgeted or authorized by the Commissioners' Court, would be a legal claim which the Auditor is authorized to approve?

The Waller County Hospital is established and operated pursuant to article 4478, V.T.C.S. The commissioners court has appointed a board of managers, article 4479, V.T.C.S., whose powers include the authority to appoint a superintendent of the hospital and "fix the salaries of the superintendent and all other officers and employees within the limit of the appropriation made therefor by the commissioners court, and such salaries shall be compensation in full for all services rendered." V.T.C.S. art. 4480 (Emphasis added). Therefore, legitimate use of the credit card under these facts must be for expenses incurred by the superintendent and not as a form of compensation. The superintendent himself, and not the Board of Managers, determines or "fixes" the extent of the use of the credit card,

whereas the statute provides that his compensation in full for all services rendered shall be set by the Board of Managers. See Attorney General Opinion V-505 (1948). Therefore, the proper use of the credit cards must be for expenses reasonably incurred by the superintendent in the discharge of hospital business. Attorney General Opinions MW-21 (1979), H-992 (1977). In our opinion, the auditor would not be authorized to approve these unaudited claims on county funds. Article 4484, V.T.C.S., requires the hospital board of managers to "certify all bills and accounts, including salaries and wages, and transmit them to the commissioners court, who shall provide for their payment in the same manner as other charges against the county are paid." Approval and auditing by the county auditor is a prerequisite for the commissioners court to order payment of claims against the county. V.T.C.S. arts. 1651, 1660; Smith v. McCoy, 533 S.W.2d 457 (Tex. Civ. App. — Dallas 1976, writ dism'd).

Your second question is:

> Whether the purchase of unlimited charges to the gasoline credit cards, with no required reports of 'official business' trips constitute 'other compensation', and thus violative of Vernon's Ann. Civ. St. art. 4480?

Our answer to your first question answers this inquiry. The unlimited use of the credit cards under these facts constitutes a form of compensation for services and is thus violative of article 4480.

Your third question is:

> If the Hospital Board of Managers and the Waller County Commissioners' Court determine that the use of gasoline credit cards is a proper perquisite for the Hospital Superintendent, would it be necessary and proper to amend the 1979 budget for the hospital to allow the 1979 budget to authorize charges up to but not exceeding a certain amount? Would it be necessary and proper to make a similar amendment to the 1980 budget, which has already been passed upon and does not include credit card charges?

We believe that the Board of Managers would be authorized to provide as an element of the superintendent's salary use of the credit cards so long as the charges were fixed and limited by the board. Therefore, it would be necessary and proper to provide in the County Hospital's budget that the superintendent's salary is provided in part by a fixed amount in the form of credit card charges. See Attorney General Opinion H-1223 (1978).

## SUMMARY

> A County Hospital superintendent may not be given unlimited, unaudited use of the hospital's credit card. Use of the credit cards

must be either for actual expenses or in a fixed amount as compensation.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood