Honorable Lloyd Criss Chairman Committee on Labor and Employment Relations Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Whether an individual may serve simultaneously as county auditor and city councilman of a city located in that county
Dear Representative Criss:
You inform us that an individual was elected to the city council of Galveston, Texas and subsequently was appointed to be county auditor of Galveston County. The materials included with your letter to this office indicate that he receives a salary from the county for his services as auditor but draws no salary from the city in his official capacity. Questions have arisen as to the propriety of this person occupying both offices. You ask whether this person is prohibited by law from simultaneously holding both offices, and if so, whether the city office is now vacant. You also ask whether article 988b, V.T.C.S., or any other law prohibits this person from participating in
(1) decisions involving a city-created tax reinvestment zone, or
 (2) appointments to the city's park board of trustees, or any other matter involving the county and park board requiring city council action.
Upon examination of the relevant statutes, we conclude that the common law doctrine of incompatibility prohibits one person from simultaneously occupying the offices of city councilman and county auditor of a county in which the city is located.
The doctrine of incompatibility prohibits one person from occupying two offices when one office may "thereby impose its policies on the other or subject it to control in some other way." Attorney General Opinion JM-129 (1984); see Thomas v. Abernathy County Line Independent School District, 290 S.W. 152
(Tex.Comm.App. 1927); State ex rel. Brennan v. Martin,51 S.W.2d 815 (Tex.Civ.App.-San Antonio 1932, no writ). In this respect, we observe that city council members may authorize agreements between the city and county to provide for, inter alia, the following: the creation of regional planning commissions which are authorized to contract with cities and counties for the performance of enumerated services, see V.T.C.S. art. 1011m, § 4; the construction and payment of improvements necessary for the public health and to promote efficient sanitary regulations, see V.T.C.S. art. 1015, § 3; the construction and supervision of joint recreational facilities and programs, see V.T.C.S. art. 1015c-1, § 3.
The county auditor is appointed pursuant to article 1645, V.T.C.S., by the district judge(s) having jurisdiction in the county. This office has previously determined that a county auditor may not be simultaneously employed as a school teacher and a county probation officer. Letter Advisory No. 65 (1973). The county auditor is charged with the general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county; and he shall see to the strict enforcement of the law governing county finances.
V.T.C.S. art. 1651. The auditor is additionally authorized to examine the accounts and orders of the commissioners court, all reports of collections of money for the county, and cash in the hands of the county treasurer. V.T.C.S. arts. 1653-1655. Although the auditor may not independently order the expenditure of county funds, the commissioners court may not expend funds without the approval of the county auditor. Smith v. McCoy, 533 S.W.2d 457,459 (Tex.Civ.App.-Dallas 1976, writ dism'd). The auditor in such instances may withhold approval of payments, though the refusal to approve payments may be neither arbitrary nor in contravention of law. Id. at 460. See also Jackson v. Leonard, 578 S.W.2d 879
(Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.). Thus, there are many instances in which the duties of the auditor are likely to conflict with the performance of city council duties, particularly when the transfer of funds or property between the city and county is involved. We conclude therefore that the positions of city councilman of Galveston and county auditor of Galveston County are incompatible as a matter of law.
The incompatibility of these two offices invites application of the common law doctrine of vacation:
 Persons who accept and qualify for offices that are incompatible with offices they already hold ipso facto relinquish their prior posts.
Attorney General Opinion MW-170 (1980). See Purcell v. Carrillo,349 S.W.2d 263 (Tex.Civ.App.-San Antonio 1961, no writ); Ramirez v. Flores, 505 S.W.2d 406 (Tex.Civ.App.-San Antonio 1973, writ ref'd n.r.e.); Attorney General Opinions MW-170 (1980); H-155, H-117 (1973). Accordingly, we conclude that the individual involved here vacated the office of city councilman when he accepted the position of county auditor.
 SUMMARY
The common law doctrine of incompatibility prohibits a Galveston city council member from simultaneously serving as Galveston county auditor.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General