

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 20, 1989

Ms. Brenda Milligan
Montague County Auditor
P. O. Box 56
Montague, Texas   76251

Opinion No.  JM-1099

Re:  Whether a county auditor
may require elected officials
and department heads to provide
details about employees' hours
worked and leave taken (RQ-1548)

Dear Ms. Milligan:

You ask whether the county auditor can require  elected
officials and department heads to submit time sheets showing
the total number of hours worked by county employees  during
the pay period, the amount of sick leave and vacation  leave
taken, and  the number  of overtime  and compensatory  hours
worked.[1]  As  this  opinion  will explain,  we  believe  the
county auditor may  require county  officers and  department
heads to submit the data you describe, provided such  action
is not inconsistent with  a rule or  form prescribed by  the
comptroller of public accounts under section 112.003 of  the
Local Government Code.   Before discussing  the reasons  for
our conclusion,  we will  briefly review  the  circumstances
leading to this opinion request.

You inform us that following the issuance of  Attorney
General Opinion JM-911 (1988) your office and the office  of
the county treasurer for Montague County sought to  consoli-
date all payroll functions for  the county in the office  of
the  county  treasurer.   As   part  of  this  effort,   new
timesheets were adopted  for use by  county officials  which
request the information described above for each employee of
a particular  office for  a  given pay  period, as  well  as

---

1.  Your question  is  submitted  pursuant  to  section
402.042(b)(8) of the  Government Code  following receipt  of
the written opinion  of the  District Attorney  of the  97th
Judicial District.  Gov't Code § 41.007.

or to be charged against an employee's pay.[2] You further inform us that the county sheriff has refused to use the new timesheets. His refusal, you say, is based on his assertion that he alone, as head of his department, is responsible for determining an employee's entitlement to a salary and that the county treasurer has no need for the information requested on the timesheets.

In a separate letter, the county sheriff maintains that neither the county auditor nor the county treasurer may require him or any other county officer to submit the timesheets you describe. He views this requirement as nothing more than an attempt by the county auditor and county treasurer to control county personnel policy and to usurp the powers of the commissioners court and individual county officers. The sheriff acknowledges the county auditor's duty to determine whether an individual employee is performing the work for which he or she is being paid but suggests this duty ends once the commissioners court authorizes payment of the employee's salary. He also cites article 1709a, V.T.C.S. (now repealed and recodified in relevant part as section 113.042(a) of the Local Government Code), and concludes that the county treasurer's duty to endorse warrants if sufficient funds are available precludes the treasurer from requiring any further information concerning an employee's salary.[3]

In Attorney General Opinion JM-911 (1988) we determined that the county auditor for Harris County was not authorized to prepare the county payroll and print and distribute county paychecks. We understood these responsibilities to be part of the core functions of the constitutional office of county treasurer but subject to the legislature's power under article XVI, section 44, of the Texas Constitution to

---

2. In your request letter you also wrote that the form you proposed would require the signatures of the employee and the department head and the employee's social security number. The form you later submitted for our review, however, does not ask for these items.

3. It should be noted that neither the sheriff nor the district attorney offers any legal basis for the conclusion that the auditor may not require a county officer to submit time sheets for their employees.

under article XVI, section 44, of the Texas Constitution to prescribe the duties of the office. The legislature, in three sections of the Local Government Code, expressly authorized county officers in certain counties, including Harris County, to prepare the payroll and issue warrants and draw checks in payment of salaries. See Local Gov't Code §§ 113.047, 151.903, 154.043. We also concluded that the ministerial aspects of these duties, such as preparation of the payroll and salary warrants, could be delegated to the county treasurer but not to the county auditor.

Attorney General Opinion JM-986 (1988) considered the extent to which Attorney General Opinion JM-911 was applicable to counties with lesser populations. Because there were no laws authorizing county officers to prepare the payroll in counties with populations of 500,000 or less, we concluded that the county treasurer was the appropriate official to prepare the county payroll for commissioners court approval and make deductions from the compensation of county employees. In counties with populations of 190,000 or less, we said that the commissioners court was responsible for approving the county payroll and issuing warrants in payment of salaries; these duties could not be delegated to either the county treasurer or the county auditor. The treasurer could, however, be delegated the ministerial task of preparing salary warrants following the commissioners court's order authorizing their issuance. We also concluded that the commissioners court could not draw checks in payment of salaries. Attorney General Opinion JM-986 is especially relevant to Montague County which, according to 1980 census figures, had a population of less than 18,000.

We mention these opinions because they apparently motivated your actions and those of the county treasurer. These opinions, however, did not conclude that either the county auditor or the county treasurer was responsible for adopting, implementing, or enforcing county personnel policy. Rather, the opinions dealt only with ministerial, nondiscretionary tasks associated with the county payroll. The courts readily acknowledge the broad power of county officers to manage the affairs of their offices:

> Because of the unique structure of county government in Texas, [an elected county official] holds virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute and is

> accountable to no one  other than the  voters
> for his conduct therein.

Familias Unidas v. Briscoe,   619 F.2d  391, 404   (5th  Cir.
1980) (citations omitted).  The  powers of county  officers,
including the county sheriff, over personnel matters is also
quite extensive, subject  to appropriate constitutional  and
statutory restraints.   See McBee  v.  Jim  Hogg  County,   730
F.2d 1009 (5th Cir.  1984) (discussing constitutional  prin-
ciples affecting sheriff's decision  to reappoint or not  to
reappoint subordinates of predecessor in office); Barrett v.
Thomas,  649 F.2d 1193, 1199  (5th Cir. 1981), cert.  denied,
102 S.Ct. 1969 (1982) ("Sheriffs, like other elected  county
officials in Texas,  have indisputably wide-ranging  discre-
tion in  the  selection  of  their  employees.").   Attorney
General Opinions JM-911 and  JM-986 therefore should not  be
viewed as endorsements  of the proposition  that the  county
auditor and county treasurer  are generally responsible  for
the administration of county personnel policy.

Because of the  broad authority of  county officers  to
direct personnel  matters in  their respective  offices,  we
must look to the powers and duties of the county auditor  to
determine whether the auditor may  make the kind of  inquiry
you ask about.  Section 84.006 of the Local Government  Code
prescribes the  qualifications  for  the  office  of  county
auditor.  The county auditor must be a person of unquestion-
able character  and  intelligence, thoroughly competent  in
public business details, and must be a competent  accountant
with  at  least  two  years  experience  in  accounting and
auditing.  Local Gov't  Code § 84.006.  The county  auditor
must file a bond conditioned on the faithful performance  of
his official duties,  take the official  oath, and submit  a
written affirmation that states, among other things, that he
will not be  personally interested  in a  contract with  the
county.  Id. § 84.007.

The duties of the county auditor are spread  throughout
the Local Government Code.  In a county with a population of
less than 190,000, the county auditor is authorized to adopt
and enforce  regulations  he  considers  necessary  for  the
"speedy and proper collecting, checking, and accounting"  of
county funds.  Id. § 112.001.  These regulations may not  be
inconsistent  with  law  or  regulations  adopted  by  the
comptroller of public accounts  pursuant to section  112.003
prescribing the manner of  keeping and accounting for  state
funds.  Id.  He is given general oversight of the books  and
records of all  county, district, and  state officers  auth-

orized to collect or receive money or property belonging to the county. Id. § 112.006(a). He must maintain accounts for such purposes and must keep records of county financial transactions. Id. §§ 112.005, 112.007. The county auditor must also "see to the strict enforcement of the law governing county finances." Id. § 112.006(b).

The county auditor possesses substantial authority to audit county finances. See id. §§ 115.001 - 115.004. The auditor also bears significant duties concerning the expenditure of county funds. Claims against the county may not be paid until the auditor has examined and approved them. Id. § 113.064(a). The auditor may not audit or approve a claim unless it was incurred as provided by law. Id. § 113.065. Additionally, a county check or warrant may not be paid unless it is countersigned by the county auditor to validate it as a proper and budgeted item of expenditure. Id. § 113.043.

It might be argued that the county auditor's duty to approve claims against the county for salaries and wages grants the auditor the implied power to demand the information in question here. If the auditor has the discretion to approve or disapprove such claims, then the auditor certainly should be allowed to obtain information necessary to make that determination. But if the auditor's duty is purely ministerial, there is little need for information regarding a person's entitlement to a salary.

The opinions of the courts and of this office are divided on this issue. Several conclude that the auditor is under a ministerial duty to approve salary payments ordered by the commissioners court and that salary payments are not claims subject to the approval or disapproval of the auditor. See Jackson v. Leonard, 578 S.W.2d 879 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ ref'd n.r.e.); Nacogdoches County v. Jinkins, 140 S.W.2d 901 (Tex. Civ. App. - Beaumont 1940, writ ref'd); Attorney General Opinion M-40 (1967). Others hold that the auditor has discretion to disapprove salary payments. See Smith v. McCoy, 533 S.W.2d 457 (Tex. Civ. App. - Dallas 1976, writ dism'd). See also Lovell v. Bynum, 315 S.W.2d 20 (Tex. Civ. App. - Austin 1958, writ ref'd n.r.e.). The third and most recent group of opinions harmonize these two lines of analysis and conclude that where an individual's right to a salary is established as a matter of law, the auditor is under a ministerial duty to approve the payment. See Attorney General Opinions JM-986 (1988); JM-192 (1984).

We believe the last group of opinions most reasonably and accurately reflects the state of the law concerning the county auditor's duty to approve salary payments. In Smith v. McCoy, for example, the court upheld the county auditor's refusal to approve payment of back wages to deputy sheriffs when their entitlement to the wages had not been established as a matter of law. The county sheriff requested the deputies be paid for a period in which they had been suspended from their jobs. After the auditor's initial rejection of the request, the commissioners court ordered payment of the back wages, but the auditor again withheld his approval. 533 S.W.2d at 458-459. Had the deputies' entitlement been established as a matter of law, say, in court or in civil service proceedings, the auditor would have been under a ministerial duty to approve the payment of back wages. See Attorney General Opinion JM-192 (1984).

Though it is arguable that the county auditor has discretion to approve or disapprove salary payments pursuant to section 113.064 of the Local Government Code, we believe the auditor nevertheless may require county officials to supply basic information necessary to the accomplishment of other duties. This office has determined on previous occasions that the county auditor bears primary responsibility for establishing financial procedures and internal accounting controls for the county. See Attorney General Opinions M-579 (1970); C-276 (1964). Attorney General Opinion O-6624 (1945) concluded that the county auditor, pursuant to his duty to see to the strict enforcement of the law governing county finances, could inquire whether an employee of the county was actually performing duties for which the employee was being paid. The inquiry you propose is far less intrusive but may be justified on the same grounds. Even if it is assumed that the auditor is under a ministerial duty to approve payment of salaries, the auditor by necessity must be capable of determining whether an employee is entitled as a matter of law to a salary payment.

An obvious example of the county auditor's need for basic payroll information is when a county officer authorizes a salary payment to an employee who was absent from his workplace during the pay period. Without such information, the auditor could only speculate whether the employee was entitled to payment on the basis of hours actually worked or hours earned as vacation, sick, or compensatory leave, or whether the employee was entitled to payment at all. A reporting requirement like the one you propose for Montague County is fully consistent with the

county auditor's role in the system of checks and balances created for county finances. See Smith v. McCoy, supra; Attorney General Opinion JM-911 (1988). Accordingly, we conclude that the county auditor may require county officers to supply basic payroll information on forms designed by the county auditor, provided such requirement is not inconsistent with a rule or form prescribed by the comptroller of public accounts pursuant to section 112.003 of the Local Government Code.

As for the sheriff's assertion that the timesheet requirement is nothing more than an attempt to dominate county personnel practices, we should emphasize once more that neither this opinion nor the authorities discussed in it augment the power of either the county auditor or the county treasurer over county personnel matters. The same may be said with respect to the enforcement of the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. You voice concern about compliance with the FLSA by the various county offices, but you do not indicate which provision of the FLSA or any other law gives the county auditor or county treasurer this responsibility. Again, we are aware of no provision of law that makes either the county auditor or the county treasurer generally responsible for the county's compliance with the FLSA. See, e.g., 29 C.F.R. Part 553 (applying FLSA to employees of state and local governments, imposing duties on "public agencies" rather than a specific office or officer).

To summarize, we conclude that county officers may be required to supply the basic payroll information you describe on forms supplied by your office, provided such action is not inconsistent with a rule or form adopted by the comptroller of public accounts under section 112.003 of the Local Government Code.

### S U M M A R Y

The county auditor in a county with a population of less than 190,000 may require county officials and department heads to submit information on forms designed or adopted by the county auditor and showing (1) the number of hours worked by county employees during a particular pay period, (2) the amount of vacation or sick leave taken, the number of hours credited or charged as

overtime, compensatory time, or holidays, and (3) the number of hours charged against an employee's pay, if any, provided such requirement is not inconsistent with a rule or form prescribed by the comptroller of public accounts pursuant to section 112.003 of the Local Government Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General