

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 18, 1990

Honorable James Warren Smith, Jr.　Opinion No. JM-1186
Frio County Attorney
P. O. Box V　　　　　　　　　Re: Authority of a county
Pearsall, Texas　78061-1138　　auditor to require con-
　　　　　　　　　　　　　　　　stables to submit a
　　　　　　　　　　　　　　　　monthly report　(RQ-1878)

Dear Mr. Smith:

You ask the following questions relative to the authority of the county auditor to require constables to submit monthly reports.

> (1) May the Frio County Auditor require the four Frio County Constables to provide a monthly report . . . listing the civil process instruments and criminal warrants that they receive and the date that they served them even though they do not collect fees or moneys when serving these instruments?

> (2) Will failure on the part of the constables to fill out and turn in such reports authorize the County Auditor to withhold payment, to them of their monthly mileage which has been approved and set by Frio County Commissioners Court.

You advise that the county auditor has required the county's four constables to report in writing all civil process and criminal warrants they serve. You enclose a monthly report form prepared by the auditor. The form provides spaces for the constable to enter (1) date, (2) style and notice of instrument, (3) date received, and (4) date served. The form provides for the instrument to be sworn and subscribed by the constable before a notary public.

You state that the constables use their own vehicles in discharging the duties of their office. They submit separate monthly mileage reports logging the miles they

travel in the performance of their duties. The commissioners court has fixed a sum for each mile traveled by a constable in the discharge of official duties. You relate that the constables feel that they should not be required to prepare an additional report relating to the service of each civil and criminal process they receive since they do not collect any money or fee in the course of serving such instruments.[1]

You advise that the auditor's position is that she has the authority to require such a report under section 115.001 of the Local Government Code. Section 115.001 provides in pertinent part:

> The county auditor shall have continual access to and shall examine and investigate the correctness of:
>
> (1) the books, accounts, reports, vouchers, and other records of any officer.

Section 152.011 of the Local Government Code authorizes the commissioners court to set the amount of compensation and office and travel expenses for county and precinct officials and employees paid wholly from county funds. Attorney General Opinion JM-879 (1988) concluded that the county auditor could not require documentation from members of the commissioners court who receive fixed monthly travel allowances. However, the opinion noted that the sum must be fixed by the commissioners court at a figure that reasonably relates to expenses actually incurred in the commissioners' discharge of county business. Unlike the fixed monthly travel allowance in Attorney General Opinion JM-879, the commissioners court in your county has provided for a sum per mile for the constables in the discharge of their official duties.

---

1. Section 112.001 of the Local Government Code authorizes the county auditor in counties with less than 190,000 population to adopt and enforce regulations that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of funds that belong to the county. Section 112.006 provides that the county auditor has oversight of the records of an officer who is required by law to receive or collect money that is intended for the use of the county or that belongs to the county.

Section 113.064 of the Local Government Code concerns approval of claims by the county auditor. Section 113.064 provides:

> (a) In a county that has the office of county auditor, each claim, bill, and account against the county must be filed in sufficient time for the auditor to examine and approve it before the meeting of the commissioners court. <u>A claim, bill, or account may not be allowed or paid until it has been examined and approved by the auditor</u>.

> (b) The auditor shall stamp each approved claim, bill, or account. If the auditor considers it necessary, <u>the auditor may require that a claim, bill, or account be verified by an affidavit indicating its correctness</u>.

> (c) The auditor may administer oaths for the purposes of this section. (Emphasis added.)

Section 113.065 of the Local Government Code provides that the "county auditor may not audit or approve a claim unless the claim was incurred as provided by law." The county auditor has the responsibility, before approving a claim against the county, to determine whether it strictly complies with county finances. <u>Smith v. McCoy</u>, 533 S.W.2d 457 (Tex. Civ. App. - Dallas 1976, writ dism'd).

The matter of whether the auditor is under a ministerial duty to approve salary payments ordered by the commissioners court was considered by Attorney General Opinion JM-1099 (1989). It was noted that the most recent group of opinions of this office has concluded that where a person's right to a salary is established as a matter of law, the auditor is under a ministerial duty to approve the claim. <u>See</u> Attorney General Opinion JM-986 (1988). Under your scenario the auditor is dependent on the correctness of an unsubstantiated claim for miles traveled.

Attorney General Opinion JM-1099 at 6 stated that while "it is arguable that the county auditor has discretion to approve or disapprove salary payments pursuant to section 113.064 of the Local Government Code, we believe the auditor nevertheless may require county officials to supply basic

information necessary to the accomplishment of other duties." However, we are not here addressing a question of salary payments.

The auditor has the responsibility for establishing financial procedures and internal accounting controls for the county. Attorney General Opinion M-579 (1970). We believe that a county auditor may require a county officer or employee to substantiate a claim with documentation that the claimed mileage for which he is seeking payment was in the conduct of the official business. However, as was pointed out in Attorney General Opinion JM-1099, it is not generally within the province of the auditor to ensure that county officers and employees are complying with the duties of their office or employment imposed on them by law where such efforts are not necessary to the accomplishment of the auditor's statutory duties.

Under the scenario you have submitted, the auditor has instituted a reporting requirement for the constables rather than examining the correctness of an officer's or an employee's records under section 115.001. We do not believe that section 115.001 authorizes the auditor to require a reporting system solely for the purpose of determining whether an officer or employee is discharging the duties of his office.

While the form in question that you have submitted may bear some relevance to mileage traveled in performance of official duties, in our opinion it falls far short of substantiating a claim. A report that only reflects the date process was received, the identity of the instrument, and the date served reveals nothing more than the fact that the instrument was served and the lapse of time between receipt and service. While such information may be relevant to the determination of the validity of a claim for mileage reimbursement, it does not, standing alone, supply the auditor with enough information to approve the claim. At most, the form in question only shows that the constable is performing duties imposed on his office by law. As heretofore noted, it is not a proper function of the county auditor to ensure that a county officer or employee is performing the duties of his office or employment unless the inquiry is in furtherance of a discrete statutory duty of the auditor. The form you have supplied does not accomplish this. A different conclusion might be indicated if the form prescribed by the auditor required additional information reflecting the place of service and the mileage traveled in serving each instrument.

We find it unnecessary  to answer your second  question in light of our disposition of the first question.

## S U M M A R Y

The county auditor may not require  county constables  to  provide  a  monthly  report listing  only  the  identity  of  civil  and criminal instruments they  receive, the  date of their receipt by  the constables, and  the date they are served.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General