ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 9, 2008

The Honorable Dan W. Heard
Calhoun County Criminal District Attorney
211 South Ann Street
Port Lavaca, Texas 77979

Opinion No. GA-0618

Re: Authority of a county auditor to refuse payment to a former employee of a county hospital on the ground that such payment is unconstitutional (RQ-0640-GA)

Dear Mr. Heard:

You write to inquire about the authority of a county auditor to refuse to approve a payment proposed and approved by a county-owned hospital.[1] After providing details regarding the proposed payment and describing the county auditor's concerns, you ask whether the county auditor has the "right to refuse payment of county hospital payroll on grounds that [the payment] is a[n] unconstitutional grant of public money, or must the county auditor accept the hospital administrator's determination that there is adequate quid pro quo so as to avoid the payment being a violation of the Texas Constitution[.]"[2] Request Letter, *supra* note 1, at 2.

The subject of your question is a payment proposed by the hospital administrator of the county-owned hospital to a former employee. *See id.* at 1. You inform us that the employee has terminated employment and that the proposed payment is being offered to the former employee by the hospital for some continuing obligations.[3] *See id.* You tell us the hospital administrator has obtained a legal opinion concluding that the proposed payment conforms to the requirements of article III, section 52 of the Texas Constitution. *See id.*; *see also* Odefey Letter, *supra* note 3. You also tell us that the county auditor has consulted with your office regarding the legality of the

---

[1]*See* Letter from Honorable Dan W. Heard, Calhoun County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Oct. 15, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* TEX. CONST. art. III, § 52(a) (prohibiting counties and other political subdivisions from making gifts or grants of public funds to any individual or private entity).

[3]*See also* Letter from Anne Marie Odefey, Roberts, Roberts, Odefey & White, on behalf of Board of Managers, Memorial Medical Center, to Shannon Salyer, Assistant District Attorney, Calhoun County (Oct. 10, 2007) (attachment to Request Letter) [hereinafter Odefey Letter] (quoting Letter Memo, dated September 19, 2007, from hospital administrator to former employee, outlining employee's continuing obligations).

proposed payment but is unconvinced by the hospital administrator's argument "and continues to believe the payment would violate" article III, section 52. Request Letter, *supra* note 1, at 1. In this context you ask about the county auditor's authority. You do not ask us to evaluate and opine on the constitutionality of the proposed payment. *See generally id.* You instead seek our opinion as to whether it is the county auditor or the hospital administrator who has authority to determine whether the proposed payment meets the requirements of article III, section 52. *See id.* at 1–2.

County hospitals are governed by chapter 263 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. ch. 263 (Vernon 2001). Chapter 263 authorizes the commissioners court of a county to create a county hospital. *See id.* § 263.021. A county hospital is governed by a board of managers, the members of which are appointed by the county commissioners court. *See id.* § 263.041(a). The board of managers is charged with the general management and control of the hospital including management and control of the hospital's employees and "all matters relating to its government, discipline, contracts, and fiscal concerns." *Id.* § 263.046(a). And as the governing body of the county hospital, the board of managers has a duty to expend its public funds in accordance with article III, section 52. *See* Tex. Att'y Gen. Op. No. JM-1030 (1989) at 4 (recognizing that the "determination of whether a particular expenditure of public funds meets those constitutional requirements is left, at least in the first instance, within the sound discretion of the governing body that proposes to pay public funds to a private entity") (citing *Dodson v. Marshall*, 118 S.W.2d 621 (Tex. Civ. App.—Waco 1938, writ dism'd). Chapter 263 requires the board of managers to "certify all bills and accounts, including salaries and wages, and transmit them to the commissioners court, which shall provide for their payment *in the same manner that other charges against the county are paid.*" TEX. HEALTH & SAFETY CODE ANN. § 263.053(b) (Vernon 2001) (emphasis added).

Charges against the county are paid by the county treasurer as required or directed by the county commissioners court. *See* TEX. LOC. GOV'T CODE ANN. § 113.041(a) (Vernon 2008). Before the commissioners court may direct a payment, each claim, bill, and account against the county must be examined and approved by the county auditor. *See id.* § 113.064(a); *see also Anderson v. Ashe*, 90 S.W. 872, 874 (Tex. 1906) (stating that the language of the predecessor statute of Local Government Code section 113.064(a) "is mandatory, and makes the approval of the auditor a condition precedent to the exercise of jurisdiction over the claim by the commissioners' court"); *Crider v. Cox*, 960 S.W.2d 703, 706 (Tex. App.—Tyler 1997, writ denied) (stating that the county auditor's approval of a claim is a requisite to the commissioners court's approval and that without approval, the commissioners court's approval of a claim is void). This is so because the county auditor, as an independent officer appointed and removed by the district judges, is an important part of the "delicate system of checks and balances" designed to protect county funds. *See Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex. Civ. App.—Dallas 1976, writ dism'd); *see also* TEX. LOC. GOV'T CODE ANN. §§ 84.003 (Vernon 2008) (providing for appointment of county auditor by district judges), 84.009 (authorizing removal of county auditor by district judges for official misconduct or incompetence).

As one component of the "system of checks and balances," the county auditor has a duty to ensure that claims paid by the county strictly comply with the law. TEX. LOC. GOV'T CODE ANN.

§ 113.065 (Vernon 2008); *see Smith*, 533 S.W.2d at 459–60. In the fulfillment of this duty, the county auditor must examine and approve any presented bills and accounts of the county hospital before the county commissioners court can order payment. *See* Tex. Att'y Gen. Op. Nos. MW-121 (1979) at 2 (concluding that approval and audit by the county auditor is a prerequisite for the bills and accounts of a county hospital), V-1265 (1951) at 4 ("Although the management of the county hospital is vested in the board of managers, the commissioners[] court must approve all accounts."), V-1100 (1950) at 9 ("[I]t is our opinion that the general duties of the County Auditor in regard to auditing county hospital accounts are, in the main, the same of those in regard to any other county office."); Tex. Att'y Gen. LO-89-100, at 2 (stating that "bills and accounts of the county hospital must be submitted to the county auditor for his examination and approval prior to their presentation to the commissioners court for its approval and order authorizing payment"). Accordingly, we conclude that because county hospital bills and accounts are paid in the same manner as other accounts of the county and because the county auditor has a duty to ensure county funds are spent in strict compliance with the law, the county auditor has authority, in the exercise of reasonable discretion, to refuse to approve a payment of a county hospital on the grounds that it is prohibited by the Texas Constitution. *See* TEX. HEALTH & SAFETY CODE ANN. § 263.053(b) (Vernon 2001); TEX. LOC. GOV'T CODE ANN. § 113.064(a) (Vernon 2008); Tex. Att'y Gen. Op. No. JM-133 (1984) at 2 (recognizing that auditor's authority to withhold approval of payments may not be arbitrary) (citing *Smith*, 533 S.W.2d at 460).

We believe it important to note, especially in the circumstances you describe, that the county auditor's authority and discretion is not unfettered. The county auditor may "neither arbitrarily nor in contravention of law withhold approval of payment." *Smith*, 533 S.W.2d at 460. In circumstances such as you describe where the county auditor has withheld approval of a payment that the appropriate governing body has evaluated and approved under article III, section 52, the courts would be the final arbiter of whether the payment satisfied the constitution. *See id.* (discussing a challenge to a county auditor's withholding of approval of a payment and contrasting the circumstances that support a mandamus action against the auditor or a suit against the county); Tex. Att'y Gen. Op. No. GA-0247 (2004) at 7 (distinguishing between mandamus action against county auditor and suit against county); *see also Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383–84 (Tex. 2002) (setting out three-part public purpose standard by which to examine the merits of a payment under article III, section 52).

## S U M M A R Y

The bills and accounts of a county hospital must be certified by the hospital's board of managers and transmitted to the county commissioners court. All bills and accounts, including salaries and wages, of a county hospital are paid in the same manner as charges made against a county, which charges must be approved by the county auditor and paid by order of the commissioners court. The county auditor has authority to determine whether any proposed payment strictly complies with the law. The county auditor, in an exercise of reasonable discretion, may refuse to approve a payment on the grounds that it is unconstitutional. As between the county hospital board of managers and county auditor, a court would be the final arbiter of whether the payment satisfied the constitution.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee