November 20, 2009

The Honorable Scott Brumley
Potter County Attorney
500 South Fillmore Street, Room 303
Amarillo, Texas 79101

Opinion No. GA-0744

Re: Whether a county auditor may require the county treasurer to obtain prior approval of a transfer of county funds from one account in the county depository to another, or from one investment to another  (RQ-0800-GA)

Dear Mr. Brumley:

You ask whether a county auditor may require the county treasurer to obtain prior approval of a transfer of county funds from one account in the county depository to another, or from one investment to another.[1] You relate that Potter County uses a single depository bank with multiple accounts for various county funds and that the county treasurer makes electronic transfers between the accounts, generally for budgetary reasons. Request Letter at 1. You state that the Potter County auditor has requested that the treasurer seek the auditor's approval before electronically transferring funds between the accounts. While not questioning the auditor's oversight authority, the treasurer has expressed concern that requiring prior approval for electronic transfers between county treasury accounts may cause unnecessary delay and that preparing the documentation to seek prior approval burdens the treasurer's resources. *Id.* Also, you inform us that while examining this issue, a second issue arose. You state that the treasurer, as the county's investment officer, transfers county funds from one of the county's investments to another. *Id.* Thus, you wish to know if the auditor may require prior approval of transfers between the county's depository accounts and, additionally, whether the auditor may require prior approval of transfers of county funds from one investment to another. *Id.* at 1–2.

You do not elaborate about the nature of the county accounts, the legal basis for transfers between the accounts, or the character of the investment transactions that may be at issue. Moreover, you do not explain about the purpose, procedures, or ultimate effect of the auditor's prior approval requirements. Accordingly, we address the authority of the county treasurer and the county auditor with respect to transfers in general terms.

---

[1]*See* Request Letter at 2 (*available at* http://www.texasattorneygeneral.gov).

The county treasurer is an elected officer. TEX. CONST. art. XVI, § 44(a). As such, a county treasurer "occupies a sphere of authority, which is delegated to that officer by the Constitution and laws, which another officer may not interfere with or usurp." *Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, writ denied) (citing *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961)); *see also* TEX. CONST. art. XVI, § 44(a) (requiring the Legislature to provide for election and duties of county treasurer); *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997) (holding that a county treasurer, a constitutional officer, may not be divested of "core functions"). The Local Government Code designates the county treasurer as "the chief custodian of county funds" and obligates the treasurer to keep all county funds in a designated depository. TEX. LOC. GOV'T CODE ANN. § 113.001 (Vernon 2008). The county treasurer must disburse county funds according to law and the commissioners court's requirements or directions that are consistent with law. *Id.* § 113.041(a). With the approval of the commissioners court, a county treasurer may establish and operate an electronic funds transfer system to make any authorized transfer from the county treasury. *Id.* § 156.001.

While not an elected official, nevertheless a county auditor is vested with "an impressive array of independent administrative duties and discretionary powers." *Comm'rs Court of Harris County v. Fullerton*, 596 S.W.2d 572, 576 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The Local Government Code grants the auditor "general oversight of the books and records of a county, district, or state officer authorized or required by law to receive or collect money or other property that is intended for the use of the county or that belongs to the county." TEX. LOC. GOV'T CODE ANN. § 112.006(a) (Vernon 2008). The auditor must "see to the strict enforcement of the law governing county finances." *Id.* § 112.006(b). Generally, "[a] claim, bill, or account may not be allowed or paid [by a county] until it has been examined and approved by the auditor." *Id.* § 113.064(a). The auditor must "oversee the warrant process to ensure that the expenses of any department do not exceed the budget appropriations for that department." *Id.* § 111.092; *see also id.* § 113.043 (prohibiting the county treasurer or depository from paying a check or warrant "unless it is countersigned by the county auditor to validate it as a proper and budgeted item of expenditure").

In addition to these specific powers and responsibilities, the county auditor has broad authority to adopt and enforce regulations that are consistent with law and that the auditor deems "necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county." *Id.* § 112.001 (provision for counties with a population of less than 190,000); *see also id.* § 112.002(a) (substantially similar provision for counties with a population of 190,000 or more). The county auditor is also responsible for establishing procedures for administering the county's electronic funds transfer system. *Id.* § 156.003.

No statute expressly requires an auditor to pre-approve a transfer between accounts maintained by the county's designated depository. *See* Request Letter at 2. However, in light of the auditor's broad oversight authority, an auditor could adopt regulations and procedures for transferring county funds from one account in the county depository to another that require prior approval by the auditor, should the auditor deem such a regulation necessary. *See* TEX. LOC. GOV'T CODE ANN. §§ 112.001, .002(a), .006(a)–(b), 156.003 (Vernon 2008).

Next, we consider whether the auditor can require prior approval before the treasurer, acting as the county's investment officer under section 116.112(a) of the Local Government Code, transfers funds between county investments. Request Letter at 3–4. Under section 116.112(a), the commissioners court may direct the county treasurer to withdraw county funds not immediately required and invest them according to law. TEX. LOC. GOV'T CODE ANN. § 116.112(a) (Vernon 2008).[2] You assert that requiring the county treasurer to obtain prior approval by another officer before transferring county funds between investments would interfere with the treasurer's responsibilities as investment officer. Request Letter at 4. While we agree that the auditor may not adopt procedures that would usurp or unreasonably interfere with the county treasurer's investment authority, *see Abbott*, 946 S.W.2d at 517, nevertheless, funds in the county's investment accounts are county funds. Such funds remain subject to the auditor's oversight to ensure "strict enforcement of the law," although the auditor's general oversight authority does not include the authority to second–guess the county treasurer's investment decisions. *See* TEX. LOC. GOV'T CODE ANN. §§ 112.006(b) (Vernon 2008) (auditor's authority to ensure enforcement of the law), 156.003 (auditor's authority to establish procedures for administration of electronic fund transfers); *see also id.* § 115.003 (auditor's authority to examine funds to ensure they are not invested except as authorized by law); *see also id.* § 116.112(a) (treasurer's investment authority).[3] Further, we cannot say as a matter of law that any particular procedure required by the auditor would necessarily impinge on the treasurer's investment authority. Thus, we conclude that the auditor may adopt procedures for transferring county funds between investments to the extent that it does not usurp or unreasonably interfere with the county treasurer's investment authority under section 116.112(a) of the Local Government Code.

---

[2]Generally, the funds must be invested as Local Government Code section 116.112 provides, and may be invested according to the Public Funds Investment Act. TEX. LOC. GOV'T CODE ANN. § 116.112 (Vernon 2008); *see also* TEX. GOV'T CODE ANN. §§ 2256.001–.055 (Vernon 2008) (chapter 2256, the Public Funds Investment Act) .

[3]Although a county auditor's discretion is broad, it is not without limitation. The county auditor may "neither arbitrarily nor in contravention of law withhold approval of payment." *Smith v. McCoy*, 533 S.W.2d 457, 460 (Tex. Civ. App.—Dallas 1976, writ dism'd).

## S U M M A R Y

A county auditor may adopt regulations and procedures for transferring county funds from one account in the county depository to another that include preapproval by the auditor. The county auditor may adopt procedures for transferring county funds between county investments to the extent that it does not usurp or unreasonably interfere with the county treasurer's investment authority.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee