

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

August 8, 2017

The Honorable David P. Weeks
Walker County Criminal District Attorney
1036 11th Street
Huntsville, Texas 77340

Opinion No. KP-0160

Re: Whether a commissioners court may enter an order authorizing the treasurer to pay certain types of claims and bills prior to presenting the actual claims or bills to the commissioners court (RQ-0150-KP)

Dear Mr. Weeks:

You ask on behalf of the treasurer and the auditor of Walker County whether a commissioners court may enter an order authorizing the treasurer to pay certain types of claims and bills prior to presenting the actual claims or bills to the commissioners court.[1] You state that the county's biweekly payroll schedule does not always coincide with the commissioners court's regular meetings, held the second and fourth Mondays of each month, such that the commissioners court may timely approve payroll at a regular meeting. Request Letter at 1–2. You also tell us the county auditor proposed an order to provide for expedited payment to timely meet payroll, ensure continuity of service, and avoid late fees for credit cards. *Id.* at 1.

The proposed order recites that a prior order of the commissioners court waived the requirement that all claims be approved in open court. *Id.* at Exhibit "A." Under the proposed order, the commissioners court would provide blanket approval for the following items before they accrue:

- Payroll, related employee deductions and benefits and payroll taxes
- Debt Service Payments
- Payments to the State and Federal Government and their agencies
- Orders of District Courts and County Court at Law
- Grant related payments to meet grant timing deadlines
- Utility and telecommunications services to assure continuation of service
- Fuel cards to assure continuation of service
- Credit card bills that are paid by drafts initiated by the Credit Card Company

*Id.* Such claims could be paid "after the invoice/claim has been presented with appropriate documentation and authorizations by department heads and elected officials and following

---

[1]Letter from Honorable David P. Weeks, Walker Cty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 21, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

approval thru the audit process." *Id.* Thereafter, the treasurer would present the commissioners court with a report of the bills paid. *Id.* The treasurer and auditor stated that without the proposed order, they will ask the commissioners court for twenty-five special sessions throughout the year to be held on Wednesdays rather than on Mondays. *Id.* at 2. You ask whether the proposed order complies with the treasurer's duties under section 113.041 of the Local Government Code and the commissioners court's duties under sections 115.021 and 115.022. *Id.*

The Local Government Code specifies the method to approve claims against the county and to disburse county funds to pay the claims. Under section 113.041(a) of the Local Government Code, the county treasurer must disburse county funds "as required by law and as the commissioners court may require or direct." TEX. LOC. GOV'T CODE § 113.041(a). The treasurer may not disburse county money without an order of an authorized officer. *Id.* § 113.041(c). Under the Local Government Code, the treasurer has no authority to approve claims and may not pay claims without commissioners court approval. *See* Tex. Att'y Gen. Op. No. H-171 (1973) at 4–5.

Section 115.021 requires the commissioners court to "audit and settle all accounts against the county and shall direct the payment of those accounts." TEX. LOC. GOV'T CODE § 115.021. Further, the commissioners court must examine county financial accounts and reports, compare them with accompanying vouchers, and correct the accounts and reports as appropriate. *Id.* § 115.022(a). These statutes impose a duty on the commissioners court to examine and approve or disapprove claims against the county. *Id.* §§ 115.001–.022; *see also Navarro Cty. v. Tullos*, 237 S.W. 982, 987 (Tex. Civ. App.—Dallas 1922, writ ref'd). County funds may not be expended without the commissioners court's approval. *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex. Civ. App.—Dallas 1976, writ dism'd).

A commissioners court transacts a county's business as its principal governing body and is a "governmental body" subject to the Open Meetings Act. TEX. GOV'T CODE § 551.001(3)(B); *Comm'rs Court v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997). Generally, all of its meetings to discuss public business or take formal action must be open to the public. TEX. GOV'T CODE §§ 551.001(4)(A), .002. Thus, a prior opinion of this office concluded that under the Open Meetings Act, "a claim, invoice, or bill must be approved by a commissioners court at a meeting held pursuant to the Act." Tex. Att'y Gen. Op. No. JC-0307 (2000) at 1; *see also Swaim v. Montgomery*, 154 S.W.2d 695, 696–97 (Tex. Civ. App.—Amarillo 1941, writ ref'd) (stating that commissioners do not act individually; rather, "[t]hey meet as a court and transact the county business in open session"). The commissioners court lacks the authority to "waive" its duty to order payment of claims only in an open meeting. *See id.*; *see also Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990) (requiring "exact and literal compliance with the terms" of the Act); Tex. Att'y Gen. Op. No. GA-0412 (2006) at 2 (stating that a governmental body may issue an order concerning meetings only if they "are consistent with the Texas Open Meetings Act and other laws applicable to the governing body").

Thus, the pertinent issue is whether the commissioners court may approve claims before they accrue, to be paid as the claims are presented with "appropriate documentation and authorizations" and approved through the county audit process. Request Letter at Exhibit "A." The proposed order does not expressly address who determines whether a particular claim satisfies requirements to qualify for payment, implicitly leaving the decision to the treasurer or the auditor.

*See id.* Thus, such an order would not constitute the examination and approval the commissioners court must undertake under the Local Government Code; rather, the order would delegate the commissioners court's oversight responsibilities to the treasurer and the auditor. A commissioners court may not delegate its powers requiring the exercise of judgment and discretion absent a statute expressly authorizing it to do so. *See Guerra v. Rodriguez*, 239 S.W.2d 915, 920 (Tex. Civ. App.— San Antonio 1951, no writ); *see also* Tex. Att'y Gen. Op. Nos. KP-0052 (2015) at 2 n.2 (determining that a commissioners court may not delegate its budget authority), JC-0370 (2001) at 3 (determining that a "commissioners court has a nondelegable duty to review county payrolls and to issue warrants").[2] Accordingly, a commissioners court cannot delegate to the county treasurer or the auditor the commissioners court's duty and authority to approve payment of county claims and payroll. *See Smith*, 533 S.W.2d at 459 (commissioners court's duties to examine and direct payment of claims are nondelegable duties); Tex. Att'y Gen. Op. Nos. JM-192 (1984) at 5 (determining that payment of salaries to county employees requires commissioner court approval); H-977 (1977) at 6 (determining that county commissioners court cannot delegate its authority to audit and settle claims against the county); O-5049 (1943) at 2–3 (determining that commissioners court may not in a standing order authorize the county auditor to pay officers and employee salaries and utility bills). Thus, the proposed order authorizing the treasurer to pay certain types of claims and bills prior to presenting the actual claims or bills to the commissioners court does not comply with the commissioners court's duties under sections 115.021 and 115.022 of the Local Government Code.

Finally, you ask whether the commissioners court "may approve payment of the claims and bills described in the proposed order in a special session held on a day other than when the Court usually meets for its regular session." Request Letter at 2. You advance no reason why the commissioners court's authority to approve a claim or other disbursal is any less for a meeting called for a day other than the commissioners court's regular meeting day. Section 81.005 of the Local Government Code requires commissioners courts to "designate a day of the week on which the court shall convene in a regular term each month," but the section also authorizes special meetings. Tex. Loc. Gov't Code § 81.005(a), (g). The treasurer must make a financial report, exhibit the treasurer's books and records, and submit vouchers for audit and approval "[a]t least once a month at a regular term of the commissioners court," implying that claims may be presented for approval more often. *Id.* § 114.026. Provided it complies with any statute applicable to the particular subject matter, a commissioners court may review and direct payment of payroll and claims at a meeting called for a day other than the commissioners court's regular meeting day.[3]

---

[2]For counties with a population greater than 190,000, the Local Government Code authorizes county officers to issue warrants against the salary fund of the county to pay salaries and draw checks on the county treasurer to pay salaries. Tex. Loc. Gov't Code §§ 113.047, 154.043. You inform us that Walker County's population is approximately 67,861. Request Letter at 1.

[3]While the auditor and the treasurer assert that more commissioners court meetings are needed to meet various payment deadlines, it may be possible to adjust the county's payroll and other payment schedules to more closely conform to the commissioners court's regular meeting schedule.

## S U M M A R Y

Under sections 113.041, 115.021, and 115.022 of the Local Government Code, the commissioners court must approve claims, and the treasurer and auditor do not have the authority to pay claims without the commissioners court's approval. A commissioners court cannot delegate to the county treasurer the commissioners court's duty and authority to approve payment of county claims. Provided it complies with any statute applicable to the particular subject matter, a commissioners court may review and direct payment of payroll and claims at a meeting called for a day other than the commissioners court's regular meeting day.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee